### Case No. 4,962.

#### In re FOSTER.

[3 Ben. 386;[1] 3 N. B. R. 236 (Quarto. 57).]

District Court, S. D. New York. Sept. 1869.

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

J. M. Ball, for petitioner.
D. S. Riddle, for Day.
S. E. D. Currier, for Pratt.

BLATCHFORD, District Judge. On the 4th of December, 1868, Elisha Foster filed a petition in this court, describing himself therein as of the town of Franklin, in the state of Massachusetts. The petition sets forth, that the petitioner and Charles C. Day, of Jersey City, New Jersey, and William W. Pratt, of Medfield, Massachusetts, formed a copartnership in November, 1866, for the transaction of the business of manufacturing and dealing in straw goods, at said town of Franklin and the city of New York, and have carried on said business as such copartners for the longest period during the six months next immediately preceding the filing of the petition, at the city of New York; that the members of said copartnership owe debts exceeding the amount of $300, and are unable to pay their debts in full; that the petitioner is willing to surrender all the estate and effects of said copartnership, and all his separate estate and effects, for the benefit of the creditors of said partnership, and of his separate creditors; that the said Day and Pratt are respectively unwilling to join in the petition; that the petitioner desires to obtain the benefit of the bankruptcy act [of 1867 (14 Stat. 517)]; that Schedule A to the petition contains a statement of all the debts of the copartnership; that Schedule B thereto contains an inventory of all the estate of said copartnership; that Schedule C thereto contains a statement of the petitioner's individual debts; and that Schedule D thereto contains an inventory of his individual estate. The prayer of the petition is, that the petitioner and Day and Pratt may be adjudged to be bankrupts, and that the petitioner may have a certificate of discharge. On the filing of this petition, an order was made requiring Day and Pratt to show cause why they should not be adjudged bankrupts. On the return day of such order, each of them put in an answer, denying the allegation of the petition that Foster, Day and Pratt had carried on business as copartners, as alleged, in the city of New York, for the longest period during the six months next immediately preceding the filing of the petition, and denying the jurisdiction of this court to grant the prayer of the petition. Evidence has been taken on the issue thus raised.

The copartnership of Foster, Day and Pratt was formed in November, 1866, and thenceforth, until the 4th of August, 1868, carried on the business of manufacturing

and buying and selling straw goods, the manufacturing being done in Massachusetts, and the buying and selling in the city of New York, and in Massachusetts, the largest portion of the sales being made in the city of New York. The copartnership was dissolved on the 4th of August, 1868, and thenceforward ceased to carry on business. Consequently, it carried on business in the city of New York for only two months of the six months next immediately preceding the time of the filing of the petition. By section 11 of the act, it is necessary to jurisdiction, that the petition be addressed to the judge of the judicial district in which the debtor has resided or carried on business for the six months next immediately preceding the time of filing the petition, "or for the longest period during such six months." The sole question in this case is, whether this court has jurisdiction to entertain the petition of Foster, and, under it, to adjudge Foster, Day and Pratt to be bankrupts. Schedule B to the petition shows that there are assets of the copartnership. The members thereof continue, therefore, for the purposes of section 36 of the act, to be partners in trade quoad their creditors, and they may, under that section, be adjudged bankrupt on the petition of any one of them, the others, if they refuse to join in the petition, being brought into court by proper process, under the provisions of general order No. 18. As the petition of Foster, filed in this court, that the three copartners may be adjudged bankrupt, was the first petition filed in any court for that purpose, it follows, under section 36 and general order No. 16, that this court, if it has jurisdiction of such petition, is entitled to take and retain exclusive jurisdiction over all proceedings in regard to the bankruptcy of all three of the copartners until the same shall be closed. The question then recurs, whether this court has jurisdiction of the petition of Foster. It has such jurisdiction, if the three copartners have carried on business in this judicial district for the longest period during the six months next immediately preceding the 4th of December, 1868. This involves a determination as to the meaning of the expression, "the longest period" during such six months. It is contended, on the part of Day and Pratt, that the longest period during the six months must be more than three months in duration, and that, therefore, the two months in this case, from the 4th of June, 1868, to the 4th of August, 1868, during which the copartnership carried on business in this judicial district, is not such longest period. It is urged, that two months can never be the longest period during the six months; that three months and a day is the shortest time that will answer the requirement of the longest period during the six months; and that the expression, "the longest period during such six months," means, the longest part of such six months. I cannot assent to this view.

The meaning of the 11th section is, I think, that the debtor may file his petition in the district in which he has resided or carried on business for the six months next immediately preceding the time of filing the petition, or for the longest period during or within such six months that he has resided or carried on business in any district. Any other interpretation would wholly exclude a class of debtors from the operation of the act. Every debtor who has changed his residence and his place of carrying on business so often during the six months, as not to have resided or carried on business in any one district for more than three months thereof, would be wholly excluded from the operation of the act. It is not to be presumed that such an effect was intended. The object of the provision is to bring within the operation of the act every debtor who has resided or carried on business in any district for any length of time, provided the proceedings are instituted in the district in which his residence or carrying on of business has continued so long as to cover the longest space of time that he has resided or carried on business in any district during the six months next immediately preceding the time of filing the petition. The idea manifestly is, to select as the forum the district where, by reason of the longest residence or the longest duration of carrying on business, the debtor is likely to be best known, or to have had the largest number of business transactions, with the proviso, that such residence or carrying on of business need not have continued for a longer period than for the six months next immediately preceding the time of filing the petition. Thus, during or within such six months, the debtor may have resided or carried on business in one district for two months, in another for one month and three quarters, in another for one month and one quarter, and in another for one month. In such case, the proper district in which to file the petition is the one in which the debtor has resided or carried on business for the two months. So, if, as in this case, business has been carried on in one district for two months during such six months, by the debtors, as copartners, and has not been carried on by them as copartners, in any other district, for any other portion of such six months, such district is the proper district in which to file the petition.

The fact, that the three copartners carried on business as such, in Massachusetts, for the same period, during the six months, that they carried it on in New York, does not deprive this court of jurisdiction, it not appearing that they carried on business in Massachusetts for a longer period during the six months than they carried it on in New York. Two months is the longest period during or within the six months, that the three copartners carried on business as such in any district, and they so carried it on for that length of time in this district. Their

carrying on of business in this district, as copartners, having continued so long, during the six months, as to cover the longest space of time that they carried on business as copartners in any district during that period, this court has jurisdiction, notwithstanding they carried on business, as copartners, in Massachusetts, for the same time, during the same period.

The jurisdiction of this court is sustained, and Day and Pratt must answer to the merits of the petition.