## In re PLOTKE.

### (Circuit Court of Appeals, Seventh Circuit. November 22, 1900.)

### No. 678.

1. BANKRUPTCY — JURISDICTION OF PROCEEDINGS — DISTRICT OF BANKRUPT'S PLACE OF BUSINESS.

Proof that an alleged bankrupt, whose residence and domicile had for years been in another state, had her principal place of business in the district where the petition was filed, up to a time four months prior to the filing of such petition, after which she had no place of business, is not sufficient to give the court jurisdiction of the proceedings under Bankr. Act 1898, § 2, subd. 1, which confers jurisdiction over the estates of bankrupts who have had their principal place of business within the territorial jurisdiction of the court "for the preceding six months or the greater portion thereof."

2. SAME—JURISDICTION MUST AFFIRMATIVELY APPEAR.

The essential facts which give a court jurisdiction of bankruptcy proceedings must appear affirmatively and distinctly, and where such jurisdiction rests solely upon the allegation that the alleged bankrupt had her principal place of business within the district for the greater portion of the preceding six months, and it further appears that four months before the filing of the petition she made a general assignment under the state laws, it cannot be presumed, in favor of the jurisdiction, that her assignee continued the business for more than a month thereafter, even assuming that such fact, if shown, would constitute, in legal effect, a continuation of business by the alleged bankrupt.

3. SAME—EFFECT OF ACT ON ASSIGNMENTS—STATE DECISIONS.

The question of the effect of the bankruptcy law upon the validity of a general assignment made after its passage, in accordance with the provisions of a state statute, is not one which is governed by any rule of decision in the state, but will be determined independently by the federal courts.

Appeal from the District Court of the United States for the Northern Division of the Northern District of Illinois.

James R. Ward, for appellant.

Fred D. Silber, for appellee.

Before WOODS and GROSSCUP, Circuit Judges, and SEAMAN, District Judge.

SEAMAN, District Judge. The alleged bankrupt, Emily Plotke, appeals from an order of the district court whereby she is adjudicated a bankrupt upon a creditors' petition filed May 3, 1899. The petition states that "Emily Plotke has for the greater portion of six months next preceding the date of filing this petition had her principal place of business and her domicile at Chicago," in said district, and "owes debts to the amount of $1,000 and over"; that she is insolvent, and within four months next preceding "committed an act of bankruptcy," and on January 3, 1899, made "a general assignment for the benefit of her creditors to one John Poppowitz," which was duly filed and recorded. The subpœna issued thereupon was returned by the marshal as served within the district on Emily Plotke, "by leaving a true copy thereof at her usual place of abode, with Charles Plotke, an adult person, who is a member of the family." On May 29, 1899, the appellant filed a verified plea, which reads as follows:

"And the said Emily Plotke, specially limiting her appearance for the purposes of this plea, in her own proper person comes and defends against the foregoing proceeding, and says that she has not had her domicile within the territorial limits and jurisdiction of this court for the six months next preceding the filing of the petition herein, to wit, six months next preceding May 3, A. D. 1899, nor has she had her domicile within the territorial limits of the jurisdiction of this court as aforesaid during any part of said period of six months, nor has she now her domicile therein, nor has she had her principal place of business within the territorial limits and jurisdiction of this court for the greater part of the six months next preceding the filing of the petition herein, to wit, six months next preceding May 3, A. D. 1899, but that before and at the time of the filing of the petition herein as aforesaid, on, to wit, May 3, A. D. 1899, and for more than five years prior thereto, she, the said Emily Plotke, was, and, from thence hitherto has been, and still is, residing in the city of St. Louis, and the state of Missouri, and not in the said Northern district of Illinois, and state of Illinois, and that she, the said Emily Plotke, was not found or served with process in this said proceeding in said Northern district of Illinois, or in said state of Illinois. Wherefore she says this court is wholly without jurisdiction in the premises, and this she is ready to verify. Wherefore she prays judgment, if this court here shall take jurisdiction and cognizance of the proceedings aforesaid."

The petitioning creditors filed a replication, and the issues thereupon were referred for hearing to a referee, who reported the testimony taken, with findings sustaining the plea and recommending that the petition be dismissed for want of jurisdiction. The finding was overruled by the district court, and an adjudication of bankruptcy entered, from which this appeal is brought.

The record presents two questions, only, under the several assignments of error: (1) Whether, upon the undisputed facts shown, the case is within the bankruptcy jurisdiction of the district court; and (2) whether jurisdiction appears over the person of the alleged bankrupt.

The first issue challenges the jurisdiction of the district court over the estate of the bankrupt, the subject-matter of the proceeding, irrespective of the question of jurisdiction in personam. The facts are undisputed that the bankrupt has neither resided nor had her domicile within the district for any period during the 6 months preceding the filing of the petition, and has resided continuously in the state of Missouri for the past 12 years; that she carried on business in Chicago, within the district (conducted by one Charles Plotke), from April 30, 1897, up to January 3, 1899 (the petition being filed May 3, 1899); and that she executed a voluntary assignment for the benefit of creditors, under the statute of Illinois, on January 3, 1899 (the assignee taking possession forthwith, and subsequently disposing of the assets and closing out the business under orders of the county court). The question is thus narrowed to an interpretation of the provisions of the statute. Section 2, subd. 1, of the bankruptcy act (30 Stat. 545) invests district courts with jurisdiction to "adjudge persons bankrupt who have had their principal place of business, resided or had their domicil within their respective territorial jurisdictions for the preceding six months, or the greater portion thereof, or who do not have their principal place of business, reside or have their domicil within the United States, but have property within their jurisdiction, or who have been adjudged bankrupts by courts

of competent jurisdiction without the United States and have property within their jurisdiction." As both residence and domicile of the bankrupt were beyond the territorial jurisdiction, the adjudication of bankruptcy rests alone upon the provision respecting the "principal place of business." The appellees contend, in effect, (1) that the proof of a principal place of business in the district for two months, and of no place of business for the remaining period of limitation, establishes a case within the meaning of the words "greater portion thereof," in the section above quoted; and, if not so construed, (2) that the voluntary assignment was void under the law of the forum, and business was carried on thereunder for the requisite period, and was constructively the business of the bankrupt. We are of opinion that neither of these contentions is tenable. The first calls for a departure from the plain meaning of the language used in the statute to make it applicable to conditions which may have been overlooked in framing the provision, but are not within the terms which were adopted; and however desirable it may seem to have such conditions brought within its scope, to carry out the general intent of the act, the correction can be made by legislative amendment only, and not by way of judicial construction. So far as applicable here, the provision confers jurisdiction over bankrupts "who have had their principal place of business" within the territorial jurisdiction "for the preceding six months, or the greater portion thereof." Whether thus considered apart from the provision as to residence and domicile, or as an entirety, the language is unambiguous, if not aptly chosen. The expression "greater portion" of a month or other stated period is frequently used as an approximate measure of time, and its meaning is well understood as the major part or more than half of the period named. No justification appears for construing like terms in this provision otherwise than in the ordinary sense. With jurisdiction dependent upon the single fact of having the principal place of business within the district, the statute then imposes the further prerequisite that such business shall have been there carried on for more than half of the preceding six months. In other words, the limitation is made with reference alone to the duration of the business in the district, and regardless of the fact that its location may be changed short of that period, and thus be carried on in different districts without exceeding the three months in either, or that it may be discontinued entirely without reaching the time limited in any one; and the provisions in reference to domicile and residence are equally restricted, except for the distinction as to residence, that it may be retained in one district after domicile is changed to another. With this meaning clearly conveyed by the language of the statute, the policy of so restricting jurisdiction is not open to judicial inquiry. In support of the construction for which the appellees contend, two decisions are cited whereby section 11 of the bankrupt act of 1867 (section 5014, Rev. St.) is so construed,—one by Judge Blatchford (In re Foster, 3 Ben. 386, Fed. Cas. No. 4,962), and the other by Judge Lowell (In re Goodfellow, 1 Low. 510, Fed. Cas. No. 5,536). However instructive these cases may be in interpreting the present statute, they are not applicable by way

of precedent, because of the clear diversity in the respective provisions. Section 11 of the former act gave jurisdiction over petitions filed by voluntary bankrupts to "the judge of the judicial district in which such debtor has resided or carried on business for the six months preceding the time of filing such petition, or for the longest period during such six months"; and the limitation thus stated was held to mean "the longest space of time that the bankrupt has resided or carried on business in any district during the six months." In re Foster, supra. It may well be conceded that the language of that provision was susceptible of no other fair interpretation; that "the longest period" of business "during such six months" was clearly implied, and, as remarked by Judge Blatchford, "not the period which, mathematically considered, is the greatest part of the six months." But section 2, subd. 1, of the act of 1898 states the jurisdictional requirements in terms clearly distinguishable from those which were thus construed, namely, that a principal place of business shall have existed within the district "for the preceding six months or the greater portion thereof," thereby establishing as the test continuance of the business in the district for the "greater portion" of the six months, and not "the longest period" of business "in any district during the six months." This departure from the provisions of the prior act is marked both in the change of words and in their collocation, and is not a mere substitution of synonymous words, as argued by counsel.

The further contention that the requisite period of carrying on business appears in the conceded facts of the voluntary assignment made January 3, 1899, and the transactions thereunder, is not well founded. The question discussed on the argument, whether the bankrupt act made the assignment void ab initio, or voidable only in the event of an adjudication of bankruptcy, as affecting the subsequent possession, however important in one phase, is not material in the absence of a distinct showing that the business was continued under the assignment for more than one month. Where jurisdiction of the federal courts is made dependent upon citizenship or other specific fact, "the presumption in every stage of the cause is that it is without their jurisdiction, unless the contrary appears from the record." Bors v. Preston, 111 U. S. 252, 255, 4 Sup. Ct. 407, 28 L. Ed. 419; Railway Co. v. Swan, 111 U. S. 379, 383, 4 Sup. Ct. 510, 28 L. Ed. 462. The essential fact must appear affirmatively and distinctly, and "it is not sufficient that jurisdiction may be inferred argumentatively." Wolfe v. Insurance Co., 148 U. S. 389, 13 Sup. Ct. 602, 37 L. Ed. 493; Parker v. Ormsby, 141 U. S. 81, 83, 11 Sup. Ct. 912, 35 L. Ed. 654. In the case at bar the record fails to show that the business was carried on by the assignee for any definite period, and the proof is insufficient to confer jurisdiction, within the rule stated, even on the assumption that the transactions of the assignee were, in legal effect, the carrying on of business by the assignor. It is true that a sale of the assigned property (a stock of goods) appears to have been made by the assignee as an entirety, thus closing out the business; but the time is not stated, and it may well be inferred from the testimony that such sale occurred soon

after the assignment was made. The mere fact that proceeds of such sale are retained in the hands of the assignee for distribution is not carrying on business, in the sense of the statute. The active business then ceased, and the liability to account for the proceeds is no more operative to save the limitation than would be the case if the business were closed out directly by the bankrupt, either with or without subsequent payment of debts out of the proceeds. No evidence being produced to overcome the presumption of fact against jurisdiction, the question of the legal status of the assignment does not require consideration. It may be remarked, however, that the validity of the assignment is not questioned under the state statute, and its status depends upon a construction of the provisions of the national bankruptcy act in that regard, and the inquiry is not one which is governed by any rule of decision in the state. In so far, therefore, as Harbaugh v. Costello, 184 Ill. 110, 56 N. E. 363, passes upon the effect of such act on voluntary assignments made after its passage, the decision is not necessarily controlling, as contended by counsel; but that question, when presented, will call for independent judgment, in the light of all the authorities. In Mayer v. Hellman, 91 U. S. 496, 500, 23 L. Ed. 377, a different construction appears to have been placed upon the bankrupt act of 1867; and in Simonson v. Sinscheimer, 95 Fed. 948, 952, 37 C. C. A. 337, 342, that ruling is cited as equally applicable under the present act. See, also, Davis v. Bohle, 92 Fed. 325, 34 C. C. A. 372; In re Gutwillig, 92 Fed. 337, 34 C. C. A. 377; In re Gutwillig (D. C.) 90 Fed. 475, 478, cited with approval in West Co. v. Lea, 174 U. S. 590, 596, 19 Sup. Ct. 836, 43 L. Ed. 1098.

We are of opinion, therefore, that the district court was without jurisdiction of the cause alleged in the petition, and the question whether the want of personal service was waived by appearance does not call for solution. The order of the district court is reversed, accordingly, with direction to dismiss the petition for want of jurisdiction.