### In re WILLIAMS.

(District Court, E. D. Arkansas, W. D.   February 12, 1903.)

1. BANKRUPTCY—DISTRICT COURT — JURISDICTION — RESIDENCE OF DEBTOR — TRAVELING GAMBLER.
   Bankr. Act 1898, § 2 [U. S. Comp. St. 1901, p. 3420], confers jurisdiction on the district court to adjudge persons bankrupt who have had their principal place of business, residence, or domicile within their respective territorial jurisdictions for the preceding six months or the greater portion thereof. *Held* that, where a traveling gambler had resided in a particular district for only two months prior to the filing of petition to have him declared a bankrupt, the court of that district had no jurisdiction thereof.

2. SAME—COSTS.
   Where a petition to declare a debtor an involuntary bankrupt is dismissed for want of jurisdiction, the court cannot adjudge costs to the debtor.

¶ 2. See Costs, vol. 13, Cent. Dig. § 16.

**3. SAME—COUNSEL FEES—EXPENSES.**
    Bankr. Act § 3e [U. S. Comp. St. 1901, p. 3423], declares that whenever a petition is filed for the purpose of having another adjudicated a bankrupt, and an application is made to hold his property prior to the adjudication, the petitioner shall file a bond conditioned for the payment, in case the application is dismissed, of costs, expenses, and damages, and if such petition is dismissed the respondent shall be allowed costs, counsel fees, expenses, and damages occasioned, to be fixed by the court and paid by the obligors of the bond. *Held,* that where no seizure of the property of an alleged bankrupt was made, and no bond ordered or given, the fact that a temporary injunction was granted, restraining supposed debtors from paying money into the hands of an alleged bankrupt under the general equity powers of the court, did not justify an allowance for counsel fees and expenses on a dismissal of the proceedings for want of jurisdiction.

In Bankruptcy.

The debtor is a gambler, traveling from place to place plying his vocation. He arrived at Hot Springs, Ark., in this district, and had carried on his business there for two months prior to the filing of the petition to have him adjudicated a bankrupt, which was for a longer period than he has carried on his business or resided in any other district.

Greaves & Martin and H. W. Currey, for the creditors.
Rose, Hemingway & Rose, for the bankrupt.

TRIEBER, District Judge. Has this court jurisdiction in bankruptcy when the party has not had his principal place of business, residence, or domicile within the district for more than three months preceding the filing of the petition in bankruptcy against him? Section 2 of the bankrupt act of 1898 [U. S. Comp. St. 1901, p. 3420] confers jurisdiction on the district court to (1) "adjudge persons bankrupt who have had their principal place of business, residence, or had their domicile within their respective territorial jurisdictions for the preceding six months, or the greater portion thereof." It will thus be seen that, in order to adjudicate a debtor a bankrupt, such person must have had his principal place of business, residence, or domicile within that district for the preceding six months, or the greater portion thereof. The greater portion of what? There can be but one answer to this,—the greater portion of the six months preceding the filing of the petition. This is the conclusion reached by the United States circuit court of appeals for the Seventh circuit, in Re Plotke, 44 C. C. A. 282, 104 Fed. 964; Collier, Bankr. p. 18.

The decisions under the bankrupt act of 1867, which have been cited by learned counsel for the petitioning creditors, are wholly inapplicable to the present act. Under that act jurisdiction was granted "to the judge of the judicial district in which such debtor has resided or carried on business for the six months next immediately preceding the time of filing such petition, or for the longest period during such six months." Section 5014, Rev. St. This has properly been construed to invest that court with jurisdiction in whose district the debtor has carried on business or resided for the longest period during that time, even if less than half of that period. But the present act only confers jurisdiction on the court of the district in which the

debtor has carried on business, resided, or had his domicile for the longest period of the six months preceding. · It is true, as urged by counsel, that in cases of this kind, where the debtor belongs to that roving class which never remains but for a short time in one place, as is the case in this proceeding, there can be no adjudication of bankruptcy. These considerations, not without weight so far as the policy of legislation is concerned, are properly to be addressed to congress, but they cannot control the interpretation of the statute where its words are so plain and unambiguous as to exclude the consideration of extraneous circumstances. This court being without jurisdiction, the petition must be dismissed.

Counsel for the debtor ask for an assessment of damages, including costs, counsel fees, and expenses. This cannot be allowed.

1. The court having decided it was without jurisdiction, it can proceed no further· in the case, except to dismiss the proceedings. Even costs cannot be allowed to the successful party, if the action is dismissed for want of jurisdiction. Mayor v. Cooper, ·6 Wall. 247, 18 L. Ed. 851; Hornthall v. Keary, 9 Wall. 560, 19 L. Ed. 560; Citizens' Bank v. Cannon, 164 U. S. 319, 17 Sup. Ct. 89, 41 L. Ed. 451; Auer v. Lombard, 19 C. C. A. 72, 72 Fed. 209. In Citizens' Bank v. Cannon, supra, costs and attorney's fees were awarded by the trial court, although a plea to the jurisdiction had been sustained. This was held to be error, the court saying: "Having dismissed the bill for want of jurisdiction, the court was without power to decree the payment of costs and penalties." 164 U. S. 324, 17 Sup. Ct. 99, 41 L. Ed. 451. Nor does it matter that on the face of the pleadings jurisdiction exists. Blacklock v. Small, 127 U. S. 105, 8 Sup. Ct. 1096, 32 L. Ed. 70; Pentlarge v. Kirby (C. C.) 20 Fed. 898.

2. This is not a proper case for the allowance of counsel fees and expenses under the bankrupt act. In the absence of a statute providing for the allowance of counsel fees and expenses, it is the settled rule of the national courts that none can be allowed. Day v. Woodworth, 13 How. 370, 14 L. Ed. 181; Oelrichs v. Spain, 15 Wall. 211, 21 L. Ed. 43; Stewart v. Sonneborn, 98 U. S. 187, 25 L. Ed. 116; Tullock v. Mulvane, 184 U. S. 497, 22 Sup. Ct. 372, 46 L. Ed. 657. The only provision in the bankruptcy act for such an allowance is section 3e [U. S. Comp. St. 1901, p. 3423]. This section is as follows:

"Whenever a petition is filed by any person for the purpose of having another adjudicated a bankrupt, and an application is made to take charge of and hold the property of the alleged bankrupt, or any part of the same, prior to the adjudication and pending a hearing on the petition, the petitioner or applicant shall file in the same court a bond with at least two good and sufficient sureties who shall reside within the jurisdiction of said court, to be approved by the court or a judge thereof, in such sum as the court shall direct, conditioned for the payment, in case such petition is dismissed, to the respondent, his or her personal representatives, all costs, expenses, and damages occasioned by such seizure, taking, and detention of the property of the alleged bankrupt. If such petition be dismissed by the court or withdrawn by the petitioner, the respondent or respondents shall be allowed all costs, counsel fees, expenses, and damages occasioned by such seizure, ·taking or detention of such property. Counsel fees, costs, expenses, and damages shall be fixed and allowed by the court, and paid by the obligors.in such bond."

To entitle a debtor to damages under this section, the petitioning creditors must have made application for a seizure of the debtor's property prior to the adjudication, and the property of the debtor taken and detained. Such a proceeding is, in fact, an attachment of the debtor's property, and can only be granted upon the execution of a proper bond, as provided by that section of the act. If this is done, the petitioning creditors and the sureties on the bond are liable for the damages sustained by the debtor by reason of the wrongful seizure and detention of his property, and counsel fees and expenses incurred by the debtor are made by this section elements of damages to be awarded to him. When there is no seizure of the debtor's property, but merely a petition to have him adjudicated a bankrupt, the proceedings are treated like any other ordinary action. No bond is required of the creditors, and there can be no damages allowed to the successful debtor. The bankrupt act in relation to the subject of damages makes no new rules. It confers on the creditors the right to institute proceedings against insolvent or fraudulent debtors, in order that the estate may be administered by the bankruptcy court, and an equal distribution of the assets had. But, in order to prevent a fraudulent disposition of the property pending the proceedings, it permits a seizure of the assets before the hearing, upon certain allegations, and the execution of a bond to pay the damages which the debtor may sustain by reason of the seizure, if upon a final hearing it is adjudged that the same was wrongful, in the same manner as in ordinary cases when the same object is sought by a resort to proceedings by attachment. The only innovation to be found in the act is that attorney's fees and expenses incurred by the successful debtor are to be elements of the damages awarded to him, not for the wrongful proceedings to have him adjudged a bankrupt, but for the wrongful "seizure, taking, and detention" of his property. The language of the statute, "if such petition be dismissed," clearly applies only to the petition or application mentioned in subdivision "e" of section 3, of which it is a part. Evidently congress thought there was no reason why a greater burden should be placed by the statute on creditors in bankruptcy proceedings than in other actions, but if the contention of the debtor in this case is sustained that would be the natural effect. As there was no such seizure in this case, and no bond required of or executed by the creditors, this part of the section clearly does not apply.

The fact that a temporary injunction was granted by the court, restraining certain supposed debtors of the alleged bankrupt from paying any moneys in their hands belonging to the debtor over to him, does not make it a seizure, within the meaning of the bankrupt act, as the restraining order was granted without any bond, under the general equity powers conferred on the court by section 2 of the bankrupt act [U. S. Comp. St. 1901, p. 3420]. In equity cases, when an injunction is granted without a bond, only taxable costs can be allowed. Tullock v. Mulvane, 184 U. S. 497, 512, 22 Sup. Ct. 372, 46 L. Ed. 657; Scheck v. Kelly (C. C.) 95 Fed. 941.

The proceedings will be dismissed for want of jurisdiction, without costs or damages.