FINN v. CAROLINA PORTLAND CEMENT CO. et al. SILSBE v. SAME. CLARKE v. SAME.

(Circuit Court of Appeals, Fifth Circuit. March 28, 1916.)

Nos. 2859–2861.

BANKRUPTCY ☞14—JURISDICTION OF COURTS—STATUTE—RESIDENCE OR PLACE OF BUSINESS.

Under Bankruptcy Act July 1, 1898, c. 541, § 2, 30 Stat. 545 (Comp. St. 1913, § 9586), giving the courts of bankruptcy jurisdiction to adjudge persons bankrupt who have had their principal place of business, resided, or had their domicile within the territorial jurisdiction of the court for the period of six months or the greater portion thereof, the limitation of jurisdiction is one affecting the subject-matter, which, under Judicial Code (Act March 3, 1911, c. 231) § 37, 36 Stat. 1098 (Comp. St. 1913, § 1019), can be questioned at any time; and the objection cannot be waived by the bankrupt, so that proceedings against one who has not resided, or

had his domicile or place of business, within the district during the past six months, should be dismissed when that objection is raised by creditors prior to the adjudication, or by the bankrupt after the adjudication, but before other proceedings have been had, notwithstanding a previous appearance by the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 20; Dec. Dig. ☞14.]

Petitions for Revision of Proceedings of the District Court of the United States for the Southern District of Florida, in Bankruptcy; Rhydon M. Call, Judge.

In the matter of H. R. Finn, bankrupt. Separate petitions by H. R. Finn, Richard R. Silsbe, and William F. Clarke to revise the orders of the District Court overruling objections by the petitioners to the jurisdiction of the court over petitions in involuntary bankruptcy by the Carolina Portland Cement Company and others. Orders reversed, and causes remanded.

The three petitions to revise raise the same question of jurisdiction and were submitted together. The following statement of the case, appearing in the brief of counsel for the petitioners, with slight changes, is here inserted:

An involuntary petition in bankruptcy was filed by the respondents against H. R. Finn in the District Court of the United States for the Southern District of Florida on the 20th day of January, 1915. The said H. R. Finn, on January 27, 1915, filed a motion to dismiss said petition for various reasons therein set forth, but not raising the question of jurisdiction. The judge, on July 18, 1915, made an order granting the motion to dismiss, unless the petitioning creditors, within five days, filed an amended petition. In pursuance of said order the petitioning creditors, the respondents here, filed their amended petition on the 21st day of July, 1915. Thereupon an order was made requiring Finn to move to dismiss, plead, or answer the amended petition within 15 days from the date of the service of a copy of said amended petition and a copy of said order.

On August 23, 1915, Richard R. Silsbe, one of the petitioners here and a creditor of Finn in the sum of $1,000, filed objections to the jurisdiction of the court and prayed that the petition against Finn be dismissed, upon the ground that Finn did not have his principal place of business, and did not reside nor have his domicile, and did not transact any business whatever, within the Southern district of Florida for a period of six months next preceding the filing of said petition, and alleging that Finn, for more than six months next preceding the filing of said petition, had had his residence and domicile in the city of New York and state of New York. On the same day William F. Clarke, one of the petitioners here, alleging that he was a creditor of Finn in the sum of $1,326.95, filed the same objections to the jurisdiction of said court.

The petitioning creditors, respondents here, on August 23, 1915, and on August 28, 1915, filed motions to strike the objections to the jurisdiction of the court filed by Silsbe and Clarke. The court, on September 16, 1915, granted the motions to strike the said objections to the jurisdiction of the court, and on the said 16th day of September, 1915, adjudged Finn to be a bankrupt.

On October 15, 1915, Finn applied to the court to set aside the adjudication of bankruptcy, upon the ground that he did not have his place of business, nor reside, nor have his domicile within the Southern district of Florida for six months, or the greater portion thereof, preceding the filing of said petition, and because he did not at any time within the six months next preceding the filing of said petition have any place of business or reside or have his domicile within the Southern district of Florida, but that during said period he resided and had his domicile in the city of New York and state of New

York, and tendered to the court a sworn answer alleging said facts. The court denied the motion to set aside the adjudication of bankruptcy on October 19, 1915.

Thereafter the petitioners filed their petition to this court to review and revise the orders of the District Court sustaining the jurisdiction of that court.

E. P. Axtell and C. D. Rinehart, both of Jacksonville, Fla., for petitioners.

E. J. L'Engle, Martin H. Long, and Robert R. Milam, all of Jacksonville, Fla., for respondents.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

MAXEY, District Judge (after stating the facts as above). The question to be decided is whether the trial court had jurisdiction to adjudge H. R. Finn a bankrupt. Finn and the two creditors, Silsbe and Clarke, interposed objections, verified by affidavit, to the jurisdiction as follows:

"That the said Finn did not have his principal place of business and did not reside and did not have his domicile and did not transact any business whatever within the Southern district of Florida for a period of more than six months next preceding the filing of said petition. That his residence and domicile during said time were in the city of New York, state of New York."

The objections of the two creditors were filed prior to the order of adjudication, and those of the alleged bankrupt subsequent thereto. They were all overruled, without inquiry on the part of the court touching the facts. To determine whether the action of the court was erroneous, resort must be had to the Bankruptcy Act. That part of section 2 of the act, having application to the question under consideration, provides as follows:

"That the courts of bankruptcy as hereinbefore defined, viz., the District Courts of the United States in the several states, the Supreme Court of the District of Columbia, the District Courts of the several territories, and the United States Courts in the Indian Territory and the District of Alaska, are hereby made courts of bankruptcy, and are hereby invested, within their respective territorial limits, as now established, or as they may be hereafter changed, with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, in vacation in chambers and during their respective terms, as they are now or may be hereafter held, to (1) adjudge persons bankrupt who have had their principal place of business, resided, or had their domicile within their respective territorial jurisdictions for the preceding six months, or the greater portion thereof. * * *"

By the terms of the act it appears that District Courts are invested with jurisdiction to adjudge persons bankrupt (1) who have had their principal place of business, or (2) who have resided, or (3) who have had their domicile within their respective territorial jurisdictions for the period of six months, or the greater portion thereof. The grant of jurisdiction is therefore not general in the sense that persons may be adjudged bankrupt, regardless of the place of their residence, etc. But the jurisdiction of the court over the estate of the bankrupt, the subject-matter of the proceeding, is confined by the terms of the act

232 F.—52

to such persons as may be embraced within one of the three categories mentioned. If the person has resided within the district for the preceding six months or a greater portion thereof, if he has had his domicile therein for the period named, or if he has had his principal place of business within the district for the time prescribed, the court is invested with jurisdiction to adjudge him a bankrupt. If, however, it be made to appear to the satisfaction of the court that the person is not included within either of the three categories, the court is without power or jurisdiction to proceed, and hence the proceeding should be dismissed. The question here involved is one affecting the power, the general jurisdiction, of the court to act. It is not a question of mere personal privilege, which may be waived by the bankrupt at his election, as in a case where the court is invested with general jurisdiction over the subject-matter, but suit is brought in the wrong district. There is no doubt that in the case supposed it is competent for the defendant to waive his right to be sued in the proper district by appearing generally in the suit, or otherwise consenting to the jurisdiction.

But let us go a step further and suppose that a suit between citizens of different states is based upon a note for $1,800 and the defendant appears and consents to the jurisdiction. Has the court the power or jurisdiction to proceed in the case? It certainly has general jurisdiction over the subject-matter, and in the case supposed jurisdiction of the person. But it has not jurisdiction over the subject-matter in the particular case simply for the reason that, by the terms of the statute, the matter in controversy, in order to confer jurisdiction, must exceed $3,000. And in such a case the court sua sponte, and over the protest of the parties, will take notice of the want of jurisdiction and dismiss the suit. Why? Because the law is thus written. And a like rule should apply and for a similar reason to a proceeding of this nature arising under section 2 of the Bankruptcy Act. The fact, therefore, that Finn first appeared in the present case by filing demurrers to the petition of the creditors, going to the merits of the controversy, without objecting to the jurisdiction, would not preclude him from timely asserting thereafter the want of jurisdiction. Indeed, under section 37 of the Judicial Code, the question of jurisdiction proper, as contradistinguished from that of mere personal privilege, may be raised at any time during the progress of the litigation? It was raised in the present case by Finn, the alleged bankrupt, within a month after the order of adjudication and before any further proceedings were had, and by the two creditors, Silsbe and Clarke, prior to the order adjudging Finn a bankrupt. Hence it is evident there was no laches on the part either of the alleged bankrupt or of the two creditors.

We conclude, therefore, that if, in an appropriate proceeding instituted by the trial court, it be made to appear that the allegations, contained in the verified motions of Finn, Silsbe, and Clarke, are true, the court should proceed no further, except to dismiss the proceeding for want of jurisdiction. So far as we are advised the precise question here considered has not been passed upon by the Supreme Court, but the views herein expressed find support in the following authorities: In re Garneau, 127 Fed. 677, 62 C. C. A. 403; In re Plotke, 104 Fed.

964, 44 C. C. A. 282; In re Guanacevi Tunnell Co., 201 Fed. 316, 119 C. C. A. 554; In re Williams (D. C.) 120 Fed. 34; In re San Antonio Land & Irrigation Co., Limited (D. C.) 228 Fed. 984; Collier on Bankruptcy (9th Ed.) p. 30.

It follows from the foregoing that the court was in error in overruling, or striking the motions calling in question its jurisdiction. The orders sought to be revised should therefore be reversed, and the causes remanded for further proceedings not inconsistent with the views above expressed. And it is so ordered.