In re MARRON MFG. CO.

MOORE et al. v. MARRON MFG. CO. et al.

(Circuit Court of Appeals, Seventh Circuit. August 14, 1924.)

Nos. 3318-3367.

1. Pleading ⊜8(1)—Where all facts set forth, conclusion of pleader unimportant.

Where all facts are set forth, conclusion of pleader is unimportant.

2. Bankruptcy ⊜16—Presence of books and records in place or pendency of suit could not constitute "doing business" there.

Presence of books and records of corporation in place, or pendency of suit started two years before filing of petition, with nothing done during that time, could not constitute doing business there, under Bankruptcy Act, § 2, par. (1), being Comp. St. § 9586.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

3. Bankruptcy ⊜16—Holding of money by trust company for bankrupt was not "doing business" by bankrupt.

Holding of money by trust company for bankrupt was not "doing business" by bankrupt, within Bankruptcy Act, § 2, par. (1) being Comp. St. § 9586, as where bankrupt had four years before involuntary petition made general assignment of property to trust company for benefit of creditors, one-fourth to be paid to itself.

Petition to Review and Revise and Appeal from the District Court of the United States for the Northern Division of the Southern District of Illinois.

In the Matter of the alleged bankruptcy of the Marron Manufacturing Company. Involuntary petition by William J. Moore and others, opposed by the bankrupt and another, was dismissed, and the petitioning creditors bring petition to review and revise and appeal. Affirmed.

A. G. Bush, of Davenport, Iowa, for petitioners and appellants.

S. R. Kenworthy, of Rock Island, Ill., for respondents and appellees.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. On August 1, 1922, an involuntary petition in bankruptcy was filed against respondent Marron Manufacturing Company, here called bankrupt. The jurisdictional averments were denied by answer, and the court dismissed the petition for want of jurisdiction on the face of the record.

The Bankruptcy Act (section 2, paragraph [1] being Comp. St. § 9586) provides that the bankruptcy court shall have jurisdiction to "adjudge persons bankrupt who have had their principal place of business, resided or had their domicile within their respective territorial jurisdictions for the preceding six months, or the greater portion thereof. * * *"

[1] While there are various statements in the involuntary petition in bankruptcy as to where the alleged bankrupt's principal place of business and its domicile and residence were and had been for the greater part of six months before the filing of the petition on August 1, 1922, all the facts are set forth, so that the conclusion of the pleader is unimportant. The facts as shown by the petition are that bankrupt was organized in Delaware in 1917 to do a mercantile and manufacturing business, and manufacturing and selling electrical equipment, but its charter was forfeited, and, as alleged, became inoperative and void on March 16, 1921. It had its only factory, and did its only business, at the city of Rock Island, in the Southern district of Illinois. In October, 1918, all its property was conveyed to the American Trust & Savings Bank of Rock Island, and from the proceeds 25 per cent. was to be returned to it and 75 per cent. was to be paid to specified creditors. In June, 1919, bankrupt filed a bill in equity in the Rock Island county circuit court against one of petitioners in bankruptcy, which was pending when the petition in bankruptcy was filed. September 15, 1920, bankrupt's authority to do business in Illinois was revoked. Its books and records are yet kept in Illinois. It nowhere appears that any of the property conveyed to the trust company in 1918 has ever been returned to it, and the contrary must be presumed. There is the further allegation that during four of the six months preceding the petition in bankruptcy it was insolvent, and had no property except about $25,000 in the hands of the trust company.

[2] 1. There is no claim or pretense that bankrupt had, for nearly four years prior to the petition in bankruptcy, done any mercantile and manufacturing business or manufactured or sold any electrical equipment, or that, through its officers or agents (unless the trust company was its agent), it did anything else, except to start a suit in the Rock Island county circuit court and to keep its books and records in Illinois. The presence of its books and records in a place could not constitute doing business there, and certainly not in this case, where no use whatever is shown to have been made of them. A suit started more than two years before the petition was filed, with nothing done during that period, was not

"doing business" for the greater part of six months.

[3] 2. Did the trust company's acts constitute "doing business" by the bankrupt? There is no allegation that the trust company did any act within the six months. On the contrary, the petition in bankruptcy shows that on April 23, 1922, 3 months and 8 days, or more than half of the 6 months, preceding the filing of the petition, the bankrupt permitted one Barclay to file a suit and thereby procure an equitable lien upon the money in the hands of the trust company. The holding of money by the trust company for bankrupt was not "doing business" by the bankrupt. Bankrupt had, four years before filing the petition in bankruptcy, made a general assignment of its property, three-fourths of the proceeds for the benefit of its creditors and one-fourth to be paid to itself. It does not appear to have retained any control over the trust company, which acted as trustee for it and the creditors. Nor is it shown that bankrupt had any rights left, except the bare right to have paid to it 25 per cent. of the proceeds, when realized.

We are of opinion that In re Plotke, 104 F. 964, 44 C. C. A. 282, decided by this court, is decisive of this case adversely to appellants' contention. See In re Williams (D. C., E. D. Ark.) 120 F. 34; In re Pilger (D. C., E. D. Wis.) 118 F. 206; In re Perry Aldrich Co. (D. C. Mass.) 165 F. 249; In re Elmira Steel Co. (D. C., E. D. N. Y.) 109 F. 456; Finn v. Carolina Portland Cement Co. (5th C. C. A.) 232 F. 815, 147 C. C. A. 9; In re McGraw· (D. C., N. D. W. Va.) 254 F. 442, and cases there cited.

The order of the District Court is affirmed.