### In re GUANACEVI TUNNEL CO.

(Circuit Court of Appeals, Second Circuit. December 9, 1912.)

#### No. 14.

1. BANKRUPTCY (§ 47*)—ADJUDICATION IN VOLUNTARY PROCEEDINGS—PARTY ENTITLED TO QUESTION.

   A creditor may not complain of an adjudication in bankruptcy of a corporation in a voluntary proceeding on the ground that the voluntary petition was filed without authority.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 41, 42; Dec. Dig. § 47.*]

2. BANKRUPTCY (§ 44*)—"VOLUNTARY PETITION IN BANKRUPTCY."—REQUISITES.

   A voluntary petition for the adjudication of a corporation as a bankrupt which offers to surrender the assets of the corporation for the bene-

fit of its creditors, but which does not ask for the dissolution of the corporation, and which alleges that the corporation is unable to meet its current obligations, is tantamount to a general assignment of the property of a corporation unable to meet its current obligations for the benefit of creditors or to apply for a receiver, and, in the absence of any restriction by statute or charter and by-laws, the board of directors may file the petition within Bankr. Act July 1, 1898, c. 541, § 59a, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3445), providing that any qualified person may file a petition to be adjudged a voluntary bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 43–46; Dec. Dig. § 44.*]

3. BANKRUPTCY (§ 47*)—VOLUNTARY PETITION—JURISDICTION—OBJECTIONS— PARTY ENTITLED TO RAISE.

The objection that the District Court for a district was without jurisdiction to adjudicate a corporation a bankrupt on the ground that it had not maintained its principal place of business in the district for the greater part of six months before the filing of the petition as required by Bankr. Act July 1, 1898, c. 541, § 2 (1), 30 Stat. 545 (U. S. Comp. St. 1901, p. 3420), is jurisdictional, and may be made by a creditor.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 41, 42; Dec. Dig. § 47.*]

4. BANKRUPTCY (§ 16*)—JURISDICTION—PRINCIPAL PLACE OF BUSINESS OF CORPORATION—EVIDENCE.

A voluntary petition for adjudication of a mining corporation as a bankrupt alleged that the principal place of business of the corporation was in New York City. The affidavits showed that the corporation had never done any mining, and that its activities had been chiefly connected with the sale of its stock and the payment of its running expenses, and that the only place in which the business had been conducted was in New York City. The rent for the place was not paid by the corporation, but its business was transacted there, and its books were kept there, and all the meetings of the board of directors were held there. The charter of the corporation authorized a principal place of business outside of the state. Held, that the principal place of business of the corporation was in New York City within the jurisdiction of the District Court there, and it had jurisdiction to adjudge the corporation a bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 20; Dec. Dig. § 16.*]

5. BANKRUPTCY (§ 44*)—VOLUNTARY PETITION—PRESIDENT OF CORPORATION.

Where the president of a corporation resigned, but acquiesced in the refusal of the board of directors to accept it, and continued to act as director and president, the board of directors could authorize him to file a voluntary petition for adjudication of the corporation as a bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 43–46; Dec. Dig. § 44.*]

6. BANKRUPTCY (§§ 391, 446*)—ORDERS REVIEWABLE—STAYING PROCEEDINGS IN STATE COURT.

An order staying a creditor's proceedings in a state court on his judgment made after the adjudication of the debtor, a bankrupt, until 12 months thereafter or a discharge should be denied, is discretionary with the District Court, and is not reviewable by the Circuit Court of Appeals.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 637–655, 929; Dec. Dig. §§ 391, 446.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Petition to Revise Order of the District Court of the United States for the Southern District of New York; Charles M. Hough, Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of the bankruptcy of the Guanacevi Tunnel Company, a bankrupt. Petition by Joseph G. Switzer to revise order of the District Court denying the application of the petitioner for the vacation of the adjudication in bankruptcy in a voluntary proceeding, and an order staying him from proceeding on his judgment in a state court. Affirmed in part, and denied in part.

C. L. Craig, of New York City, N. Y., for petitioner.

R. P. Levis, of New York City (Jas. N. Rosenberg, of New York City, N. Y., of counsel), for respondent.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. This is a petition to revise an order of the District Court denying the application of the petitioner, a judgment creditor, to vacate the adjudication in bankruptcy in a voluntary proceeding and an order staying him from proceeding upon his judgment in the state court until 12 months after adjudication or denial of discharge.

February 15, 1911, Switzer, the petitioner, recovered a judgment in the state court of New York against the Guanacevi Tunnel Company upon which an execution was issued and returned wholly unsatisfied. Thereupon he instituted proceedings supplementary to execution and examined Meloy, the president or acting president of the company, as a witness.

June 21st Meloy, by authority of the board of directors, filed a voluntary petition for adjudication of the Tunnel Company as a bankrupt in the United States District Court for the Southern District of New York. Adjudication followed on the same day, and further proceedings were referred to one of the referees. The bankrupt is a corporation of the state of Arizona, and all its property, real or personal, is in Mexico.

[1, 2] The petitioner contends that the voluntary petition was filed without authority, because he alleges that the corporation is solvent (in the sense of the Bankrupt Law), and because only the majority of shareholders can, by the laws of Arizona, dissolve a corporation prior to the time fixed in the articles of incorporation. We will examine this contention, although we think it is one which a creditor has no standing to make in the case of a voluntary petition. The petition offers to surrender all the company's assets for the benefit of its creditors, and does not ask for the dissolution of the corporation. Only the state of Arizona, which created the corporation, can dissolve it. There is nothing to show what authority is given to the directors by the charter and by-laws. In the absence of any restriction, by statute or by the charter and by-laws, the power of the board to make a general assignment of the property of a corporation which is unable to meet its current obligations for the benefit of creditors or to apply for a receivership is to be presumed. Vanderpoel v. Gorman, 140 N. Y. 563, 35 N. E. 932, 24 L. R. A. 548, 37 Am. St. Rep. 601; Rogers v. Pell, 154 N. Y. 518, 49 N. E. 75. The voluntary petition for adjudication as a bankrupt is tantamount to such proceedings. The petition charges that the corporation is unable to meet its current obligations, which is commercial

insolvency. The Bankruptcy Act itself permits any person who owes debts to file a petition to be adjudicated. "Any qualified person may file a petition to be adjudged a voluntary bankrupt." Section 59a.

[3, 4] It is next contended that the District Court for the Southern District of New York was without jurisdiction, because the company had not maintained its principal place of business in New York for the greater part of six months before the filing of the petition. Section 2 (1). This objection, being jurisdictional, may be made by a creditor. The majority of the court do not think this contention well founded. The charter of the company provides that its principal place of business shall be at Phœnix, Ariz., and that it may have such other offices, principal and branch, as may be established by the board of directors. The statement in the charter is not conclusive, the question being where, in point of fact, was the company's principal place of business during the period fixed by the act. The petition asserts that it was at No. 55 Liberty street, New York City. This formal statement of the board of directors, resulting in an adjudication, at least creates a prima facie case which leaves the burden of evidence to meet it upon the creditor who seeks to vacate the adjudication. The affidavits show that the Tunnel Company has never done any mining; that its activities have been principally connected with the sale of its stock and the payment of its running expenses; and that the only place in which the business has been conducted has been at 55 Liberty street, in this city. It is true that this had ceased to be the office of the company in the sense that the company paid the rent, and was, in point of fact, the office of Meloy, June 6, 1911, when the board of directors met there and authorized him to file the petition; but, while the company's business was being transacted there, it may well be held to have been established by the board of directors within the meaning of the charter provision. The books were kept there, all meetings of the board were held there, and all moneys of the company were disbursed from there. No meetings were ever held at Phœnix except the technical ones required by the law of the state of Arizona. It is not necessary that the company should have actually transacted much, or even any, business at 55 Liberty street during the period fixed by the act. The question is, Where was its principal place of business? Its business was small and irregular, and it may have transacted little or none, but if it had any principal place of business at all, it was there. The petitioning creditor has not satisfied us to the contrary.

[5] A good deal is said about Meloy's not being president or director of the company at the time the board, including him as a director, authorized him, as president, to file the petition. We will consider this, assuming that a creditor has standing to make the objection. It is true that Meloy had resigned before that time, and that acceptance was not necessary to the effectiveness of his resignation. Still, instead of insisting upon his resignation, he acquiesced in the refusal of the board to accept it and continued to act as director and president.

[6] The order refusing to vacate the adjudication must be affirmed, and, the order staying the creditor's proceedings in the state court upon his judgment, made after the adjudication, until 12 months thereafter

or until a discharge, should have been denied, being discretionary, cannot be revised. There is ground for supposing that the bankruptcy proceedings were instituted, not for the distribution of the bankrupt's estate, but to hold off all creditors, especially ~he petitioner, and that there was and is no bona fide intention to press the proceedings to a conclusion. It will be for the District Court to examine the situation, and, if nothing is done in pursuance of the adjudication, to vacate the stay.