In re UNITED GROCERY CO.

(District Court, S. D. Florida. January 16, 1917.)

1. BANKRUPTCY ⊜47—VOLUNTARY PROCEEDINGS—OBJECTIONS—RIGHT OF CREDITORS.

Creditors of a corporation have no right to contest the adjudication in voluntary bankruptcy of the corporation on the ground that the directors had no authority to file the petition and that their purpose was to avoid liability in a suit by stockholders.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 41, 42.]

2. BANKRUPTCY ⊜43—VOLUNTARY PROCEEDINGS—RIGHT TO INSTITUTE—DIRECTORS OF CORPORATION.

Under Comp. Laws Fla. 1914, § 2663, providing that the business of a corporation shall be conducted by certain officers and the board of directors, the directors have authority to file on behalf of the corporation a voluntary petition in bankruptcy, notwithstanding the provisions regulating the dissolution of corporations, since the bankruptcy of a corporation is not the equivalent of its statutory dissolution, and the proceedings for such dissolution have no application to bankruptcy proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 38.]

3. BANKRUPTCY ⊜43—VOLUNTARY PROCEEDINGS—REQUISITES—INSOLVENCY.

The solvency or insolvency of a corporation petitioning for voluntary bankruptcy is not material.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 38.]

4. BANKRUPTCY ⊜20(1)—CONCURRENT JURISDICTION—STATE AND FEDERAL COURTS.

In cases of concurrent jurisdiction, where the state court has acquired possession of the res, the United States court will not exercise jurisdiction to disturb such possession, and in such cases actual corporeal possession through an officer is not necessary.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 1331.]

5. BANKRUPTCY ⊜51—VOLUNTARY PROCEEDINGS—VACATING ADJUDICATION—PENDENCY OF SUIT AGAINST DIRECTORS.

An adjudication in voluntary bankruptcy proceedings by a corporation will not be set aside on petition by stockholders, alleging that the proceedings were fraudulently instituted by the directors to avoid liability in a suit begun against them by the stockholders, in which the corporation was a nominal party, to recover assets of the corporation, wasted by the directors, in which the appointment of a receiver was asked, where no receiver had yet been appointed, since the creditors of the corporation, for whose benefit the bankruptcy proceedings are conducted, are not interested in the management of the corporation, unless the other assets prove insufficient to pay their claims, and the pendency of the bankruptcy proceedings will not interfere with the prosecution of the stockholders' suit against the directors, in view of Bankr. Act July 1, 1898, c. 541, § 4, 30 Stat. 547 (Comp. St. 1913, § 9588), providing that the bankruptcy of a corporation shall not release its officers and directors from any liability under the laws.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 49.]

In Bankruptcy. In the matter of the voluntary proceedings for the adjudication of the United Grocery Company as a bankrupt. On motion to dismiss a petition by minority stockholders and creditors to vacate the adjudication. Motion granted, and petition dismissed.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

H. L. Anderson, of Jacksonville, Fla., for petitioners.

Marks, Marks & Holt, of Jacksonville, Fla., for respondents, officers and directors of United Grocery Company.

CALL, District Judge. On January 3, 1917, the bankrupt filed its petition to be adjudged a bankrupt; the petition being signed by the bankrupt, through its president and secretary, and the seal of the corporation affixed. The petition alleges the jurisdictional facts, and has attached to it as an exhibit a copy of a resolution passed by the board of directors authorizing the filing of the petition by the officers. On January 4, 1917, an adjudication in voluntary bankruptcy was made by the judge of this court, upon this petition, a receiver was appointed, and reference made to the referee. On January 11th a petition was filed by certain of the stockholders of the corporation, joined by three creditors, praying that the adjudication upon said petition and all proceedings thereunder be vacated and dismissed, etc.

This petition alleges that the petitioners are stockholders owning 833 shares of the capital stock of the corporation, of the par value of $83,300; that the corporation is not insolvent; that certain of the petitioners on December 27, 1916, filed a bill in chancery in the state court of Duval county, Fla., charging mismanagement and fraudulent conduct on the part of the officers and directors of the corporation, and praying for a receiver of the property of the corporation and other relief; that the hearing upon the application for a receiver had been, by one of the circuit judges of Duval county, set for hearing on January 6, 1917, and subpœnas issued and served upon the officers and directors to appear and bring the books and records of the corporation before the circuit judge on said day; that said directors met in special session on January 3, 1917, and passed the resolution attached to the voluntary petition, in order to defeat action commenced in the state circuit court and avoid the discovery there sought; that the action was not authorized by the shareholders, and that the notice of the meeting of the stockholders in annual meeting had been called for January 16, 1917; that there was no occasion for the action of the directors; and that no legal notice was given all the directors of said meeting of the directors, at which the resolution was passed, but that the meeting was secretly held and the resolution passed for the fraudulent purposes set out. A copy of the bill filed is attached and by appropriate words made a part of the petition. Three creditors of the corporation adopt the allegations and prayers of the petition.

The bill of complaint filed in the state circuit court shows the complainants are stockholders in the corporation, and charges various fraudulent acts and violations of the trust resting upon directors of corporations; that the directors had by fraudulent acts wasted and misappropriated the assets until at the time of the filing of the bill the assets were not sufficient to pay the debts of the corporation; that the complainants could get no relief because the directors and officers would re-elect themselves and thus perpetuate their management, and other charges that the stock held by such directors was fraudulently obtained and should be declared held in trust for the corporation. This

bill then prayed for relief of various kinds, and also for a receiver for all the property of the corporation. The petition does not allege service of subpœna upon the defendants, but does allege, as above noted, that a time had been set by one of the circuit judges for hearing the application for the appointment of a receiver as prayed by the bill.

A rule to show cause why the petition should not be granted was issued and served upon the officers and directors of the corporation, returnable on the 15th of January, 1917. Upon that day and at the time mentioned in the rule the respondents filed a motion to dismiss and answers to the petition. The hearing was had upon the motion to dismiss the petition, which contains 17 grounds. I will not notice the ground specifically.

[1] The first question to be decided is: Have the three creditors adopting the petition of the stockholders a right to contest the voluntary adjudication? This question must be answered in the negative, on the authority of In re Ives, 113 Fed. 911, 51 C. C. A. 541; In re Guanacevi Tunnel Co., 201 Fed. 316, 119 C. C. A. .554; Johnson v. Norris, 190 Fed. 463, 111 C. C. A. 291, L. R. A. 1915B, 884. Other cases might be cited to the same effect.

[2] The next question arising for decision is: Have the board of directors of a corporation in this state the right to file a voluntary petition in bankruptcy? This question must be answered in the affirmative. The law of Florida provides that the business of the corporation shall be conducted by certain officers and the board of directors, and provides for the election of the board by the stockholders. Section 2663, Compiled Laws of Florida. The only ground upon which it could be urged that this power does not exist in the state with the board of directors is the provision for dissolving the corporation. But it has been held, and properly so, that the bankruptcy of the corporation is not equivalent to the statutory dissolution, and the proceedings for such dissolution have no application to bankruptcy proceedings. In re Guanacevi Tunnel Co., supra; Rudebeck v. Sanderson, 227 Fed. 575, 142 C. C. A. 207.

[3] The next question is the effect of the allegations in the petition that the corporation is solvent and no exigency had arisen to require the bankruptcy proceedings. The solvency vel non of the corporation is not material in a voluntary petition. In re Lachenmaier, 203 Fed. 32, 121 C. C. A. 368; In re Russell Wheel & Foundry Co. (D. C.) 222 Fed. 569.

[4] The petition also contends that, suit having been commenced in the state circuit court before the filing of the voluntary petition in bankruptcy, this court should refuse jurisdiction in this matter. I recognize the doctrine that in cases of concurrent jurisdiction in state and United States courts, if the state court has acquired possession of the res, the United States court will not exercise jurisdiction to disturb such possession. I recognize, also, that in such cases actual corporeal possession through an officer is not necessary. If the proceeding is brought for the purpose of acquiring such possession, the court in which the proceeding is first instituted will proceed to administer the same.

[5] The Bankruptcy Act vests in the bankruptcy court the exclusive jurisdiction to administer the assets of the bankrupt estate. The petition is silent as to whether process had issued upon the bill of complaint, but does state that notice of the hearing on the application for a receiver had been given. There had been no appointment of such receiver, and consequently no officer of the state court is here making application to have the property delivered to him.

The principal ground urged by petitioners at the hearing for denying the motion to strike is the allegations of fraudulent intent on the part of the directors in passing the resolution authorizing the filing of the petition, and the fear expressed that the directors will have sufficient influence with the creditors to have an improper man named as trustee at the meeting of the creditors. The allegation in the petition of the solvency of the corporation, when considered as a badge of fraud on the part of the directors in their instituting bankruptcy proceedings, is very much weakened, if not nullified, when the bill of complaint, a copy of which is attached to and made a part of the petition, is considered. Under the showing made by this bill the corporation was insolvent and unable to pay its debts, and if in that condition it was proper that the directors should have taken the course pursued. It was also contended that the resolution was passed at a special meeting of the board, and that the resolution was adopted by five out of seven members, without lawful notice having been given of such meeting to all directors, and that the directors voting on said resolution were the directors against whom the charges were made in the bill.

It does not impress me that these are sufficient reasons to vacate an adjudication in bankruptcy made upon a voluntary petition. The fact of the suit against the directors, to which the corporation was a formal party defendant, would have so affected the credit and standing of the corporation as to have jeopardized the collection of the debts due the creditors. The creditors are interested in the collection of their debts, not in the questions sought to be litigated in the bill of complaint between the stockholders and directors, except it may be incidentally, if the assets of the corporation should prove insufficient to pay its debts.

Section 4 of the Bankruptcy Act provides specifically that the bankruptcy of the corporation shall not release its officers or directors from any liability under the laws. I can see no good reason why the suit instituted by certain stockholders against the board of directors should not continue without abatement to final decree. The relief sought against such directors in said suit will be of no interest to the creditors, except in the event above noticed. One of the objects sought by the bill, taking the assets of the corporation from the custody and control of the directors and officers, has been accomplished by the bankruptcy proceedings.

It is my judgment, therefore, that the motion to dismiss the petition of certain of the stockholders and certain of the creditors should be granted. It will be so ordered.