In re HARGADINE–McKITTRICK DRY GOODS CO.

(District Court, E. D. Missouri, E. D. February 5, 1917.)

No. 2909.

1. BANKRUPTCY ⟾51—VOLUNTARY PROCEEDINGS—INTERVENTION.

Stockholders of a corporation, which petitioned for voluntary bankruptcy, cannot intervene to object to the adjudication, since the proceedings on such petition are ex parte, and no answer can be permitted.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 49; Dec. Dig. ⟾51.]

2. BANKRUPTCY ⟾43—VOLUNTARY PETITION—AUTHORITY OF CORPORATE DIRECTORS.

The directors of a corporation have authority in Missouri to put the corporation into voluntary bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 38; Dec. Dig. ⟾43.]

3. BANKRUPTCY ⟾51—VOLUNTARY PROCEEDINGS—ADJUDICATION—VACATION.

Where the petition for voluntary bankruptcy is in due form, properly verified, and avers all the jurisdictional and other facts essential to entitle the petitioner to an adjudication, such adjudication must be made, and thereafter any party in interest can move to vacate it upon jurisdictional grounds.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 49; Dec. Dig. ⟾51.]

4. BANKRUPTCY ⟾41—VOLUNTARY PROCEEDINGS—OWNERSHIP OF PROPERTY.

To entitle petitioner to be adjudicated a voluntary bankrupt, it is not essential that it should own any property, or that its property should be subject to administration in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 40; Dec. Dig. ⟾41.]

5. BANKRUPTCY ⟾404(1)—DISCHARGE—RIGHT OF CORPORATION.

A corporation is entitled in the proper case to receive a discharge in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 679, 681–691; Dec. Dig. ⟾404(1).]

6. BANKRUPTCY ⟾20(2)—VOLUNTARY PROCEEDINGS—RECEIVERS OF STATE CORPORATION.

The fact that a state court has, by appointing a receiver, acquired jurisdiction over all the property of a petitioner for voluntary bankruptcy, and that such jurisdiction is exclusive, is no defense to the voluntary petition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 23; Dec. Dig. ⟾20(2).]

7. BANKRUPTCY ⟾41—VOLUNTARY PROCEEDINGS—REQUISITES—INSOLVENCY.

It is not essential that a petitioner for voluntary bankruptcy be insolvent.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 40; Dec. Dig. ⟾41.]

8. BANKRUPTCY ⟾20(1)—VOLUNTARY PROCEEDINGS—INJUNCTION BY STATE COURT.

A state court has no power by any form of order or injunction to limit the operation of the Bankruptcy Act, or impair the jurisdiction of a

⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

court of bankruptcy, and cannot enjoin a corporation from filing a petition for voluntary bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ☜20(1).]

9. **BANKRUPTCY** ☜43—**VOLUNTARY BANKRUPTCY—ESTOPPEL—DEFENDING IN STATE COURT.**

The fact that a corporation and its directors appeared and contested a suit against them in the state court, in which a receiver was appointed, does not estop them from filing a voluntary petition in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 38; Dec. Dig. ☜43.]

10. **BANKRUPTCY** ☜44 — **VOLUNTARY PROCEEDINGS — PETITION — PROVABLE DEBTS.**

An allegation in a petition for voluntary bankruptcy that the bankrupt owes debts establishes prima facie the existence of provable debts against the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 43–46; Dec. Dig. ☜44.]

11. **BANKRUPTCY** ☜43—**VOLUNTARY PROCEEDINGS—RIGHT—MOTIVE.**

The right of a corporation in a proper case under the Bankruptcy Act to file a petition for voluntary bankruptcy cannot be denied because of improper motives.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 38; Dec. Dig. ☜43.]

12. **BANKRUPTCY** ☜114(1)—**RECEIVERS—RIGHT TO APPOINTMENT.**

To warrant the bankruptcy court in appointing a receiver, it must find that it is absolutely necessary for the preservation of the bankrupt's property that a receiver be placed in charge thereof, under Bankr. Act July 1, 1898, c. 541, § 2 (3), 30 Stat. 544 (Comp. St. 1913, § 9585) authorizing the appointment of receivers in case the court shall find it absolutely necessary for the preservation of estates.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 164, 165; Dec. Dig. ☜114(1).]

13. **BANKRUPTCY** ☜114(1)—**RECEIVERS—PETITION—SUFFICIENCY.**

A petition for the appointment of a receiver in bankruptcy, which merely alleges the necessity therefor in the language of the statute is not sufficient; but it must allege facts which reasonably establish such necessity.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 164, 165; Dec. Dig. ☜114(1).]

14. **BANKRUPTCY** ☜114(1)—**RECEIVER—PREVIOUS APPOINTMENT BY STATE COURT.**

Where a voluntary petition in bankruptcy was filed by a corporation after the state court had handed down an opinion announcing the appointment of a receiver, but before the entry of the decree of appointment, no receiver will be appointed in the bankruptcy proceedings, since the appointment by the state court relates back to the announcement thereof.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 164, 165; Dec. Dig. ☜114(1).]

15. **BANKRUPTCY** ☜20(2)—**RECEIVER—JURISDICTION—STATE RECEIVER.**

Under Bankr. Act, § 3 (4) (Comp. St. 1913, § 9587), making it an act of bankruptcy while insolvent to apply for a receiver or where because of insolvency a receiver has been put in charge, section 67c (section 9651), making void a lien created by any suit or proceeding begun within four months before the filing of a petition in bankruptcy, if it appears, among other things, that it was obtained while defendant was insolvent, and section 67f (section 9651), making void all levies, attachment, or other liens

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

obtained against an insolvent person within four months prior to filing a petition in bankruptcy, the insolvency of a voluntary bankrupt is an indispensable prerequisite to the exercise by the bankruptcy court of jurisdiction over property of the bankrupt in possession of a receiver of the state court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 23; Dec. Dig. ☞20(2).]

16. BANKRUPTCY ☞114(1)—RECEIVERSHIP—SUFFICIENCY OF SHOWING—INSOLVENCY.

Where a petition for voluntary bankruptcy alleged insolvency, but that allegation was based on the guaranty, which the state court had declared to be ultra vires, and for which, if valid, the corporation would have a corresponding claim against the principal debtor, and in the suit against it in the state court the bankrupt had alleged it was solvent, there is not a sufficient showing of insolvency to warrant the appointment of a receiver in bankruptcy, who would take the property from the control of the receiver appointed by the state court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 164, 165; Dec. Dig. ☞114(1).]

In Bankruptcy. Voluntary petition in bankruptcy by the Hargadine-McKittrick Dry Goods Company, in which certain stockholders of the corporation ask leave to intervene. Petition for intervention denied, petitioner adjudged a bankrupt, and petitioner's application for appointment of receiver denied.

Chas. A. Houts, of St. Louis, Mo., for alleged bankrupt.

M. G. Reynolds, Randolph Laughlin, Julian Laughlin, and Chase Morsey, all of St. Louis, Mo., for receiver.

DYER, District Judge. On the 6th of January, 1917, the Hargadine-McKittrick Dry Goods Company, a corporation, filed in this court a voluntary petition in bankruptcy, and at the same time presented an application for the appointment of a receiver to take charge of its assets. The following rule was made by Judge Adams when he was judge, to wit:

Rule 11: "Upon the entry of an order of adjudication in bankruptcy, unless otherwise directed by the court, the case shall be forthwith referred generally to the referee for the district in which the bankrupt has his principal place of business, resides, or has his domicile, and after such reference the referee is authorized to fix the time when, and place where, he will act upon matters arising in the case."

The practice since the adoption of that rule has been that, upon the filing of a voluntary petition in bankruptcy, an order of adjudication was entered as a matter of course, and the proceeding immediately referred to the referee in bankruptcy. However, after the petition had been filed in this case and the order of adjudication entered, counsel who had been engaged in an action in the circuit court of the city of St. Louis against the petitioner herein and others, appeared on the same day and made objection to the adjudication, and asked to be heard in opposition thereto. The court, being willing to hear the objections, ordered the adjudication set aside and fixed a day for a full hearing. At the same time certain stockholders of the Hargadine-

McKittrick Dry Goods Company filed a petition, asking that they be allowed to intervene for the purpose of resisting the petition in bankruptcy.

At the hearing counsel were heard at great length, and briefs were filed by counsel representing both the Hargadine-McKittrick Dry Goods Company and the interveners, which show much industry and learning. At that hearing and in the briefs submitted several important questions were pressed upon the court's attention that must now be disposed of: (1) The right of stockholders to intervene herein for the purpose of resisting the petition in bankruptcy. (2) The right of the company to be adjudicated a bankrupt on a petition in due form and containing all necessary averments. (3) How far a court in bankruptcy is bound by a decree of a state court, and the right of a court in bankruptcy to take possession of and administer property already in the custody of a receiver appointed by a state court after an adjudication and decree entered, wherein the alleged or proposed bankrupt was a party. These questions have been considered and the court will now proceed to dispose of them.

[1] The petition for leave to intervene must be denied, for the bankrupt law does not permit a defense in limine to a voluntary petition in bankruptcy. The proceedings upon such a petition are properly ex parte, and no answer can be permitted. In re Jehu (D. C.) 94 Fed. 638; In re Ives, 113 Fed. 911, 51 C. C. A. 541; In re Carleton (D. C.) 115 Fed. 246; In re Junck & Balthazard (D. C.) 169 Fed. 481; National Bank v. Moyses, 186 U. S. 181, 22 Sup. Ct. 857, 46 L. Ed. 1113.

[2] In the opinion of the court the petitioner is entitled to have an adjudication of bankruptcy entered upon its voluntary petition. It appears, from the petition in bankruptcy and the accompanying documents, that the filing of the petition was authorized by the board of directors of the bankrupt, and in Missouri the directors of a corporation have authority to put the corporation into voluntary bankruptcy. Dodge v. Kenwood Ice Co., 204 Fed. 577, 123 C. C. A. 103; Home Powder Co. v. Geis, 204 Fed. 568, 123 C. C. A. 94; In re Gaunacevi Tunnel Co., 201 Fed. 316, 119 C. C. A. 554; Chew v. Ellingwood, 86 Mo. 260, 56 Am. Rep. 429; Huse v. Ames, 104 Mo. 91, 15 S. W. 965.

[3] The petition is in due form and is properly verified, and avers all the jurisdictional and other facts essential to entitle the petitioner to have an order entered adjudicating it bankrupt. After the adjudication has been made, any party who has the requisite interest in the proceedings may move to vacate the adjudication upon jurisdictional grounds. In re Garneau, 127 Fed. 677, 62 C. C. A. 403; In re Gaunacevi Tunnel Co., 201 Fed. 316, 119 C. C. A. 554.

Although, in the present posture of the case, no formal defense to the petition is or can be entertained, the court has heard the suggestions made on behalf of certain stockholders in opposition to an adjudication of bankruptcy. As these grounds of objection have been presented by counsel in their briefs, and may be renewed upon a motion to vacate the adjudication, the court deems it proper to say that the objections urged appear to be untenable.

[4, 5] In order that the petitioner may be entitled to be adjudicated a bankrupt, it is not essential that it should own any property, or, if it does own property, that such property should be subject to administration in bankruptcy, for it must be borne in mind that a corporate bankrupt is entitled, in a proper case, to receive a discharge in bankruptcy. In re Marshall Paper Co., 102 Fed. 872, 43 C. C. A. 38; Firestone Co. v. Agnew, 194 N. Y. 165, 86 N. E. 1116, 24 L. R. A. (N. S.) 628, 16 Ann. Cas. 1150.

[6] The fact that a state court has acquired jurisdiction over all the property of the petitioner, and that such jurisdiction is exclusive and indefeasible, is not available as a defense to its voluntary petition in bankruptcy. In re Sterlingworth Railway Supply Co. (D. C.) 164 Fed. 591; In re Moench & Sons, 130 Fed. 685, 66 C. C. A. 37.

[7] It is urged that the petitioner is not insolvent, but in a voluntary case it is not necessary that the bankrupt be insolvent. In re Foster Paint & Varnish Co. (D. C.) 210 Fed. 652.

[8] It is further contended that this court is without jurisdiction to adjudge the petitioner a bankrupt, because it is asserted that the state court has enjoined the bankrupt company and its directors from filing a voluntary petition in bankruptcy. The interlocutory decree in the state court contains, among other things, the following provisions:

"That said Hargadine-McKittrick Dry Goods Company, its officers, directors, and agents, and the individual defendants, Thomas H. McKittrick, Hugh McKittrick, Walter McKittrick, Ralph McKittrick, Charles C. English, Martin P. Donahoe, George B. Halliday, Robert McKittrick Jones, George M. Wright, and E. C. Simmons, be and they are hereby enjoined and restrained from interfering with the receiver in his taking and holding possession of the assets and properties of said company, from disposing or attempting to dispose in any way of any of said assets and properties, and from incumbering or embarrassing, or attempting to incumber or embarrass, or from doing any other act or thing to defeat or embarrass the receiver in the discharge of his duties herein."

In the opinion of this court the decree of the state court cannot properly be so construed or applied as to affect the jurisdiction of this court or to impair the right of the bankrupt and its directors to file a voluntary petition in bankruptcy. It is not within the power of the state court to limit the operation of the Bankruptcy Act, or impair the jurisdiction of this court as a court of bankruptcy, by any form of order or injunction. If the rule were otherwise, any court of general jurisdiction could, in any given case, exclude a court of bankruptcy from the exercise of its lawful jurisdiction by merely forbidding a debtor party from invoking the jurisdiction of the court of bankruptcy, and such a principle would be manifestly inadmissible.

[9] It is further contended that the bankrupt company, by appearing in the suit pending in the state court and litigating the matters therein involved, has estopped itself from filing a voluntary petition in bankruptcy. This contention seems to be entirely untenable, as none of the elements essential to constitute an estoppel are present. The fact that the bankrupt company and its directors were made parties defendant in the suit prosecuted against them in the state court, and that they appeared therein and contested the suit, can in no way estop the company or its directors from filing a voluntary petition in bankruptcy.

[10] It is further urged that the bankrupt company owes no provable debts, and for that reason it is not entitled to go into voluntary bankruptcy. But it is alleged in the petition that the bankrupt "owes debts," and this allegation must be treated as making a prima facie case, entitling the petitioner to be adjudicated a bankrupt. Furthermore, it does not seem to be seriously denied that the bankrupt owes one or more debts. Upon this phase of the case it is enough to say that the petition in bankruptcy is prima facie sufficient, and if it ultimately turns out that the company owes no provable debt, it will then be the duty of the court to dismiss the petition.

[11] It is also contended that the bankrupt company and its directors, in filing the petition in bankruptcy, are endeavoring to employ the process of this court to evade the decree of the circuit court of the city of St. Louis, and thereby perpetrate a fraud upon the stockholders who are seeking redress in the suit now pending in the state court. This contention involves the assumption that an adjudication of bankruptcy will have the effect of depriving the circuit court of the city of St. Louis of jurisdiction to proceed with the suit now pending therein, and will operate to supersede the administration of the bankrupt's property in the state court by an administration in this court. But, as already pointed out, it is clear that an adjudication of bankruptcy will not necessarily bring about any of the suggested results. In filing its voluntary petition in bankruptcy the petitioner is availing itself of a statutory right, and under the allegations of its petition the petitioner is entitled to be adjudicated bankrupt, and this court has no discretion to refuse the adjudication, because of any views entertained by the court as to the petitioner's motives or purposes in filing the petition.

[12] The petition praying for the appointment of a receiver does not make such a showing as justifies the court in appointing a receiver. In order to warrant the court in appointing a receiver, the court must find that it is absolutely necessary for the preservation of the property of the bankrupt that a receiver be placed in charge thereof. Bankruptcy Act, § 2 (3); Faulk & Co. v. Steiner, 165 Fed. 861, 91 C. C. A. 547; Matter of Oakland Lumber Co., 174 Fed. 634, 98 C. C. A. 388.

[13] Where the appointment of a receiver in bankruptcy is sought, it is not enough to allege the necessity for such appointment in the language of the statute, but the moving papers must set forth the specific facts which reasonably establish such necessity. Faulk v. Steiner, supra; In re Oakland Lumber Co., supra. In the present case the petition alleges no concrete facts which show that the appointment of a receiver herein is necessary for the preservation of the bankrupt's property, and for that reason the court must decline to appoint a receiver.

[14] There is another and more cogent reason why the court must decline to appoint a receiver in this case. It appears from the statements of counsel that the circuit court of the city of St. Louis, through the medium of a receiver appointed by it, has heretofore taken possession of all of the bankrupt's property, and under the facts as here presented it does not appear that a receiver in bankruptcy appointed by this court would be entitled to take possession of any of the bankrupt's property, now in the custody of the receiver appointed by the state court, and hence the appointment of a receiver by this court would ap-

parently be an entirely useless and futile proceeding. As stated by counsel, the facts in relation to the state court receivership are these: In December, 1915, certain stockholders of the bankrupt company instituted a suit in the circuit court of the city of St. Louis against the bankrupt company, its officers, directors, and others, the general purpose of which was to charge the directors and other defendants with certain moneys belonging to the bankrupt company, which it was alleged they had wrongfully diverted from the corporation, to obtain an accounting against the defendants, to remove the officers and directors, enjoin the officers and directors from disposing of the company's property to secure the appointment of a receiver to take charge of the company's property and prosecute such suits for the recovery of property as the company might be entitled to maintain, to dissolve the corporation, and for the liquidation and distribution of the company's assets through the medium of the receiver. The suit just mentioned was tried in due course in the state court, and on December 29, 1916, the judge of the division of the circuit court of the city of St. Louis in which it was pending handed down his opinion therein, made and filed certain findings of fact and conclusions of law, announced the appointment of a receiver, and directed counsel in the case to prepare an interlocutory decree in conformity with the court's opinion and findings. This interlocutory decree was drawn up and entered in the case on January 8, 1917. In this decree the court held that the officers and directors of the defendant company were liable for certain moneys of the company, which it was found had been wrongfully expended under their direction, directed an accounting in respect thereto, appointed Henry S. Caulfield, receiver of all the company's property, directed the receiver to take possession of such property, and reserved jurisdiction to make such further orders as might be appropriate in the case. On January 8, 1917, the receiver appointed by the state court qualified and took possession of all of the property of the company. In the meantime, on January 6, 1917, the company, acting through its officers and directors, filed its petition in bankruptcy in this court, and also filed herein its petition praying the appointment of a receiver. Upon this state of facts it is now urged on behalf of the bankrupt company that this court should upon its petition appoint a receiver in bankruptcy, and it is further insisted that such receiver, when appointed is entitled to take charge of the bankrupt's property now in the custody of the receiver appointed by the state court.

It is evident from the facts above stated that the state court had acquired jurisdiction over all the bankrupt's property prior to the filing of the petition in bankruptcy, for the state court's order appointing a receiver, etc., must be treated as having taken effect, by relation, from December 29, 1916, the date on which the court delivered its opinion and announced its findings, although its formal order was not actually reduced to writing and entered until January 8, 1917. Robinson v. Govers, 138 N. Y. 425, 34 N. E. 209; Rochester Water Co. v. Rochester, 84 App. Div. 71, 82 N. Y. Supp. 455.

[15] Since the jurisdiction of the circuit court of the city of St. Louis had attached over the property of the bankrupt company prior to the filing of the petition in bankruptcy, and since the receiver ap-

pointed by that court is now in possession of all the bankrupt's property, that can be no justification for the appointment of a receiver by this court, unless under the provisions of the Bankruptcy Act the administration of the bankrupt's property in the state court must be superseded by an administration in this court. Under the facts here presented this court would appear to have no authority to put its receiver in charge of the property now in the custody of the receiver appointed by the circuit court of the city of St. Louis. This is so because the insolvency of the bankrupt company is an indispensable prerequisite to the exercise by this court of jurisdiction over the property now in the custody of the receiver of the state court. Bankruptcy Act, § 3 (4), § 67c, § 67f; In re Watts, 190 U. S. 1, loc. cit. 27, 23 Sup. Ct. 718, 47 L. Ed. 933; Bank v. Gudger, 212 Fed. 49, 128 C. C. A. 505; Graham Mfg. Co. v. Davy, 38 Am. Bankr. Rep. 118.

[16] The showing here made not only fails to establish the company's insolvency, but, on the contrary, convinces the court that the company is solvent. It is true that the bankrupt company in its schedules sets forth an aggregate indebtedness which exceeds its assets as scheduled; but the principal indebtedness specified in the bankrupt's schedules consists of an alleged liability to the Missouri Pacific Railroad Company arising upon a guaranty of a lease, amounting to about $460,000, and from the facts brought to the attention of the court it seems highly probable that this is not an indebtedness which is provable in bankruptcy against the bankrupt company. The circuit court of the city of St. Louis has held that the making of the guaranty here in question was an ultra vires act on the part of the bankrupt company and its officers, and although this finding is not a conclusive determination of the rights of the railroad company, yet, for present purposes, it may properly be accepted by this court as establishing, prima facie, the invalidity of the alleged indebtedness. Furthermore, in respect of this alleged indebtedness to the Missouri Pacific Railroad Company, it appears that the bankrupt company stands in the position of a surety for the Railway Exchange Building Company, and hence, if we are to treat the liability arising from this guaranty as a debt of the bankrupt company this indebtedness, presumably, would be offset by a corresponding claim of the bankrupt company against the Railway Exchange Building Company, the principal debtor. If the alleged liability of the bankrupt to the Missouri Pacific Railroad Company is not a debt, or if it is a debt which is counterbalanced by a corresponding asset, the bankrupt company is amply solvent. The view that the company is solvent is further supported by the fact that in its answer to the suit instituted against it in the state court the company formally alleged that it was solvent, and it appears to have at all times maintained that position in that court.

The foregoing considerations constrain the court to conclude that prior to the commencement of this bankruptcy proceeding, the circuit court of the city of St. Louis had acquired jurisdiction over the property of the bankrupt, that such jurisdiction can be in no way superseded or impaired by the present proceeding in bankruptcy, and for these reasons this court is not justified in appointing a receiver. In view of all the facts brought to its attention, this court cannot regard this case

otherwise than as an effort on the part of the officers and directors of the bankrupt company to evade the process of the circuit court of the city of St. Louis, and to escape the performance of its decree. No creditor of the bankrupt company seems to feel any concern about the collection of his debt, and the moving parties in the present bankruptcy proceedings are the officers and directors of the company. These are the same persons who by the judgment of the circuit court of the city of St. Louis have been held liable to the company or its stockholders for a large sum of money. If the defendants in the case pending in the state court are dissatisfied with the decree of that court, they should seek a remedy by way of appeal, for it seems reasonably clear that this court has no authority to make any order or to take any action that will deprive the circuit court of the city of St. Louis of its plenary jurisdiction over the suit now pending therein.

In conformity to these views orders will be entered: (1) Denying the petition of Christian Zeitinger et al. to intervene herein for the purpose of opposing the voluntary petition in bankruptcy. (2) Adjudging the petitioner Hargadine-McKittrick Dry Goods Company bankrupt upon its voluntary petition. (3) Denying the application of the bankrupt for the appointment of a receiver.

---

⊛⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes