## PETITION OF SHORTRIDGE et al.
## In re A. C. WAGY & CO.

Circuit Court of Appeals, Ninth Circuit. July 1, 1927.

No. 5189.

1. Bankruptcy ⊙18½, 20(1)—Jurisdiction of bankruptcy courts is exclusive of all other courts (Bankruptcy Act [Comp. St. § 9585 et seq.]).

It is well settled that jurisdiction of courts of bankruptcy, established by the Bankruptcy Act (Comp. St. § 9585 et seq.), is exclusive of all other courts, whether state or federal.

2. Bankruptcy ⊙18½—Equity receivers held not entitled to corporation's books and papers as against receivers in bankruptcy appointed in another division of district.

Equity receivers of corporation held not entitled to custody of its books and papers, held by commissioner of corporations, as against bankruptcy receivers appointed in another division of district, in view of exclusive jurisdiction of bankruptcy court under · Bankruptcy Act (Comp. St. § 9585 et seq.).

3. Bankruptcy ⊙100(1), 114(1)—Orders of adjudication in bankruptcy, or appointing receivers, fair on their face, are not subject to collateral attack.

Order of adjudication in bankruptcy, and order appointing receivers, fair on their face, are not subject to collateral attack, in appellate court or elsewhere.

4. Bankruptcy ⊙114(1)—Court's finding of necessity for appointment of receivers held conclusive until set aside on direct appeal.

Finding of bankruptcy court that appointment of the receivers was absolutely necessary for the preservation of the estate held conclusive, until set aside on direct appeal.

Petition for Certiorari to the District Court of the United States for the Southern District of California.

Petition by S. M. Shortridge, Jr., and another, as equity receivers of A. C. Wagy & Co., for certiorari to review order appointing receivers in bankruptcy and directing Commissioner of Corporations to deliver books and records and other documents to receivers so appointed. Petition denied.

Arnold C. Lackenbach, of San Francisco, Cal., for petitioners.

Louis W. Myers, of Los Angeles, Cal., for District Judge.

Shaw & McDaniel and Louis W. Myers, all of Los Angeles, Cal., for respondents Carnahan and Scott.

Before HUNT and RUDKIN, Circuit Judges.

HUNT and RUDKIN, Circuit Judges. May 23, 1927, one Robert Van Norden filed his bill of complaint in the District Court of the United States for the Southern Division of the Northern District of California against A. C. Wagy & Co., a corporation, for the recovery of upwards of $4,000, and for the appointment of a receiver. Upon the filing of the bill of complaint, and with the consent of the defendant therein named, S. M. Shortridge, Jr., and E. H. Cochran were appointed receivers of the property and assets of the defendant corporation, and have duly qualified and entered upon the discharge of their duties as such. May 25, 1927, the receivers thus appointed petitioned the District Court of the United States for the Southern Division of the Southern District of California, praying that they might be appointed as ancillary receivers in that district. May 28, 1927, the last-mentioned court denied the petition for the appointment of Shortridge and Cochran as ancillary receivers, and appointed Joseph Scott and H. L. Carnahan as such.

June 1, 1927, three creditors filed an involuntary petition in bankruptcy against Wagy & Co., in the Southern District, and on the same day Scott and Carnahan were appointed receivers in bankruptcy, with the usual rights and powers of such receivers. June 16, 1927, Wagy & Co. filed a voluntary petition in bankruptcy in the Southern District and was thereupon adjudged a bankrupt. On the same day Scott and Carnahan were reappointed receivers in bankruptcy on petition of the bankrupt. June 22, 1927, a second adjudication in bankruptcy was made upon the involuntary petition theretofore filed. June 13, 1927, the District Court for

the Northern District made and entered an order in the suit there pending, directing and commanding the commissioner of corporations of the state of California to forthwith deliver and turn over to the receivers appointed by that court all records, books of account, correspondence, and other documents of every kind and character theretofore taken, seized, or received by the commissioner and belonging to the corporation.

June 14, 1927, the District Court for the Southern District issued a restraining order in the bankruptcy proceeding, on petition of the receivers appointed by that court, enjoining and restraining the commissioner of corporations from delivering or turning over the books of account, records, correspondence, and other documents belonging to the corporation, as directed by the order made and entered in the Northern District. The receivers appointed in the Northern District thereupon petitioned this court for an order directing the judge of the District Court of the Southern District to show cause why the order appointing the receivers in bankruptcy, and the order directed against the commissioner of corporations should not be annulled and canceled. We issued a show cause order as prayed, and from the returns made by the judge against whom the order was directed, and the receivers appointed by him, and from the original petition filed in this court, the foregoing facts appear.

Many important questions have been raised or suggested by the respective parties on the argument before this court, such as a want of jurisdiction in the District Court of the Northern District to appoint the receivers; invalidity of the order appointing the ancillary receivers in the Southern District, such order having been made on the petition of the receivers appointed in the Northern District, without the institution of any other suit or proceeding there; want of jurisdiction in the bankruptcy court to appoint the receivers, and a want of jurisdiction in this court to review the orders complained of; but the necessity for an early decision is such that we will simply direct our attention to what we deem the controlling question in the case.

[1] It is well settled that the jurisdiction of the courts of bankruptcy established by the national Bankruptcy Act (Comp. St. § 9585 et seq.) is exclusive of all other courts, whether state or federal. As said by the Supreme Court in Re Watts and Sachs, 190 U. S. 1, 23 S. Ct. 718, 47 L. Ed. 933:

"And the operation of the bankruptcy laws of the United States cannot be defeated by insolvent commercial corporations applying to be wound up under state statutes. The Bankruptcy Law is paramount, and the jurisdiction of the federal courts in bankruptcy, when properly invoked, in the administration of the affairs of insolvent persons and corporations, is essentially exclusive. * * * The general rule as between courts of concurrent jurisdiction is that property already in possession of the receiver of one court cannot rightfully be taken from him without the court's consent, by the receiver of another court appointed in a subsequent suit, but that rule can have only a qualified application where winding up proceedings are superseded by those in bankruptcy as to which the jurisdiction is not concurrent."

Again, in United States Fidelity & Guaranty Co. v. Bray, 225 U. S. 205, 32 S. Ct. 620, 56 L. Ed. 1055, the same court said:

"We think it is a necessary conclusion from these and other provisions of the act that the jurisdiction of the bankruptcy courts in all 'proceedings in bankruptcy' is intended to be exclusive of all other courts, and that such proceedings include, among others, all matters of administration. * * * A distinct purpose of the Bankruptcy Act is to subject the administration of the estates of bankrupts to the control of tribunals clothed with authority and charged with the duty of proceeding to final settlement and distribution in a summary way, as are the courts of bankruptcy. Creditors are entitled to have this authority exercised, and justly may complain when, as here, an important part of the administration is sought to be effected through the slower and less appropriate processes of a plenary suit in equity in another court, involving collateral and extraneous matters with which they have no concern, such as the controversy between the complainant and the indemnitor banks. Of the fact that the suit was begun in the Circuit Court with the express leave of the court of bankruptcy, it suffices to say that the latter was not at liberty to surrender its exclusive control over matters of administration or to confide them to another tribunal."

See, also, United States v. Wood (C. C. A.) 290 F. 109; In re Yaryan Naval Stores Co. (C. C. A.) 214 F. 563; In re American & British Mfg. Corporation (D. C.) 300 F. 839.

[2-4] Such being the exclusive nature of the jurisdiction conferred on the bankruptcy courts, the solution of the question before us is not difficult. Nor need we concern ourselves with the validity or propriety of the different orders, when made by the different

courts, because the disposition of the case must rest on facts and conditions as they exist at present. The order of adjudication in bankruptcy and the order appointing receivers in that proceeding are fair upon their face, and are not subject to collateral attack in this court or elsewhere. It is contended that there was no necessity for the appointment of the receivers in bankruptcy, inasmuch as the assets of the bankruptcy corporation were already in the custody of receivers appointed by the two courts; but the court below found that the appointment of such receivers was absolutely necessary for the preservation of the estate, and that finding is conclusive unless or until set aside on a direct appeal.

The question, therefore, is this: As between the equity receivers appointed in the Northern District and the bankruptcy receivers appointed in the Southern District, which has the superior right to the custody of books and papers belonging to the bankrupt and not now in the possession or custody of the receivers appointed by either court? If the jurisdiction of the bankruptcy court is paramount and exclusive, it seems to us that this question admits of but one answer. Should the equity receivers gain possession of the books and documents in question, it would become their duty to immediately surrender them to the receivers appointed by the bankruptcy court, on a proper demand therefor, and why should they reach their proper custody in this roundabout way. Any attempt at a double administration of this estate by two sets of receivers can only result in needless expense, delay, confusion, and unseeming conflict. To prevent just such things, bankruptcy courts were established, and endowed with full and complete jurisdiction to enforce a single and simple administration.

The petition is denied.