### In re AMERICAN BOND & MORTGAGE CO. ROYAL INDEMNITY CO. et al. v. AMERICAN BOND & MORTGAGE CO.

#### Nos. 4781, 4782.

Circuit Court of Appeals, Seventh Circuit.

Nov. 21, 1932.

Moses, Kennedy, Stein & Bachrach, of Chicago, Ill. (Selden Bacon and Saul S. Myers, both of New York City, and Julius Moses, of Chicago, Ill., of counsel), for appellants.

A. L. Schapiro, and Charles LeRoy Brown, both of Chicago, Ill. (Bernard C. Schiff, of Chicago, Ill., of counsel), for appellee.

Before ALSCHULER and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

The appellants, creditors of appellee, appeal from two orders, one interlocutory and one final, each denying their petition to set aside an adjudication in bankruptcy, entered upon the voluntary petition of appellee, a Maine corporation. Two errors are suggested: First, that the jurisdictional averment that appellee had had its principal place of business within the jurisdiction of the court for the greater portion of six months next preceding the filing of the petition should have been found by the court to be false and, therefore, fatal to the jurisdiction of the court; and, second, that the court should have found that the appellee was, as a Maine corporation, improperly in court, for the reason that there was no showing that the stockholders had authorized the filing of the petition, as required by the Maine statute.

The petition of the creditors to vacate the adjudication upon the ground that the filing of the voluntary petition was not authorized by vote of the stockholders as required by the statute of the state of Maine, under which bankrupt is incorporated, was rightfully denied. The Bankruptcy Act provides that any person or corporation (with certain exceptions not here material) shall be entitled to the benefit of the act as a voluntary bankruptcy. Bankruptcy Act § 4a (11 USCA § 22 (a). The adjudication upon a voluntary petition is ex parte, and creditors are given no right to contest it. They are strangers at the bar, and have no voice in the hearing, for the bankruptcy law permits no defense in limine to a voluntary petition. No defense is permitted by any party unless it be by stockholders contesting the asserted power of the directors. See In re Guanacevi Tunnel Co., 201 F. 316 (C. C. A. 2d); In re E. T. Russell Co. (D. C.) 291 F. 809, at page 818; In re United Grocery Co. (D. C.) 239 F. 1016, at page 1018; In re Hargadine-McKittrick Dry Goods Co. (D. C.) 239 F. 155, at page 158.

A different question arises, however, as to the right of the creditors to attack the jurisdiction of the court upon the ground that the voluntary petitioner has not had its principal place of business within the district for the greater portion of six months next preceding the filing of the petition. The existence of such fact is a necessary condition precedent to the attachment of jurisdiction of the court. Other courts quite generally have recognized the distinction between questions raised by creditors affecting the jurisdiction of the court and defenses in limine such as that above considered. Whether the correct rule be that the creditor has a right to be heard upon questions of jurisdiction, we shall not at this time attempt to decide. Certain it is that it is the duty of the court on its own motion and even over protests of the parties to take notice

of lack of jurisdiction to enter an order. The Bankruptcy Act creates in the court jurisdiction in voluntary cases provided certain indispensable facts exist, and, if there comes to its attention evidence that those facts, essential to its jurisdiction, do not exist, then it is its duty so to find and to oust the proceedings. It must deny jurisdiction where the facts do not exist to warrant it. The law so provides; the mandate of congress controls. Consequently without regard to the rights of creditors to bring jurisdictional defects to the notice of the court, which is recognized in certain cases such as: In re Hargadine-McKittrick Dry Goods Co. (D. C.) 239 F. 155; In re Guanacevi Tunnel Co. (C. C. A.) 201 F. 316; Finn v. Carolina Portland Cement Co. et al., 232 F. 815 (C. C. A. 5th); In re San Antonio Land & Irrigation Co. (D. C.) 228 F. 984, at page 986; In re Vassar Foundry Co. (D. C.) 293 F. 248; In re Garneau, 127 F. 677 (C. C. A. 7th), we have no doubt of the court's power and obligation, recognized by the same authorities and many others, to determine upon its own initiative whether or not under the act of Congress it has jurisdiction of the person of the petitioner.

■ The disposition of the main question, namely, whether or not the court had jurisdiction upon the ground that the corporation had its principal place of business in Chicago for the requisite statutory period, depends upon the facts. More than three months prior to the filing of the petition in bankruptcy, appellee, a Maine corporation, then maintaining its principal place of business in Chicago, was made defendant in a suit in equity in the District Court in that city and entered its appearance and consented to the appointment of a receiver in equity, not on the ground that the company was insolvent, but that it was unable to meet its maturing obligations and that it, necessarily, in order to conserve its property and assets, needed the protection of the court. The receiver appointed was authorized to continue the operation of the business of the corporation; to continue its existing agreements, arrangements, and relations with other parties; to perform the corporation's existing contracts in so far as deemed desirable; and to enter into and perform other contracts in the legal course of business of the corporation. The receiver thus appointed duly qualified and entered into and held possession and custody of all assets of the corporation and so continued for a period of more than three months just preceding the filing of petition. It is contended, therefore, that, in order to have had a principal place of business, the petitioner must have been actually transacting business and that the appointment of the receiver and his subsequent actions removed the petitioner from the category of persons doing business, so that petitioner had had no principal place of business within the district or elsewhere for the greater portion of six months next preceding the filing of petition.

The District Court found, and appellee insists, that the receivership did not have for its purpose the cessation of business of appellee; that it was intended to conserve the assets of the corporation, to continue the operation of its business and thus to continue the appellee within the category of one having its principal place of business within the district.

Appellee had its principal place of business within the jurisdiction of the District Court at the beginning of the six-month period preceding the filing of the voluntary petition in bankruptcy. Within a little over two months after the beginning of said period, a receiver was appointed for appellee in the suit in equity as hereinbefore set forth. The purpose of that suit was not to dissolve the corporation, and it could not result in a decree of dissolution. Rather the action was grounded, not upon any statutory provision for termination of the corporate powers, but upon those principles of equitable jurisprudence which permit courts of equity at the suit of creditors to take over, preserve and continue the business and assets of a going concern. All through the bill of complaint and the decree appointing a receiver appears the outstanding feature of the desirability, indeed the necessity, of continuation of the business.

The effect of such order and of the placing of the transaction of the corporate business in the representative of the court was not to deprive appellee of the right to transact business except in so far as the specific provisions thereof so provided. All corporate powers not restrained remained in appellee; its corporate existence continued; its corporate identity was preserved; and it was still authorized by the author of its creation under its charter to discharge all corporate powers and franchises except such as were especially conferred upon the receiver.

The language of the act is that the petitioner must have had its principal place of

business within the district, not that it shall have continued to conduct its business exactly in the same manner and to exactly the same extent as previously during all the period. There is no requirement in the act that any certain amount of business must be transacted, but that the place where the business of the corporation remaining in its hands, however great, however insignificant, is transacted shall be within the district. Obviously the element that Congress had in mind in prescribing the terms, the conditions upon which jurisdiction might rest, was not the volume of business transacted, but the locus at which such corporate business should be transacted should be located. This is evident from the fact that the act of 1867 used the words "carried on business" instead of "had the principal place of business." See Act of 1867, § 11 (14 Stat. 521). Thus the framers of the previous act had in mind the requirement of transacting business, and the framers of the present act, by changing the wording, made evident their intent to require merely that the principal place of business should be a locus within the district.

We find the court in accord with our reasoning in this connection in the case of In re Guanacevi Tunnel Co., 201 F. 316, 319 (C. C. A. 2d), where it said that: "It is not necessary that the company should have actually transacted much, or even any, business at 55 Liberty street during the period fixed by the act. The question is, Where was its principal place of business? Its business was small and irregular, and it may have transacted little or none, but if it had any principal place of business at all, it was there. The petitioning creditor has not satisfied us to the contrary."

So here the principal place of business of the corporation having been within Chicago and the adjudication having been entered upon the finding that such had been the fact for the greater portion of six months preceding the filing of the petition, the court had jurisdiction unless there is evidence otherwise. No such proof appears, unless it be by way of the facts regarding the receivership.

Inasmuch as the order appointing the receiver did not deprive the corporation of all corporate powers and franchises, it follows that such powers and franchises as it did retain were in operation at the place where its principal place of business had previously been. This corporate business, as Judge Lacombe said, may have been little or none, but, if the corporation had any principal place of business at all, it was in Chicago.

In the case of In re American & British Mfg. Co. (D. C.) 300 F. 839, 848, the facts were much stronger than in the present case. Not only had the receivers been in possession during all the period of six months, but under the order of the court they had converted the assets into cash, so that no physical operation of any business was being had. Yet the court said: " * * * The appointment of a receiver in no way affected or changed the principal place of business, once the receivership attached. The principal operations of the bankrupt were in Bridgeport, and while the place where it might file its petition might be optional with the bankrupt, in view of the fact that its domicile or residence may have been elsewhere, and it could have resorted to some other jurisdiction, it nevertheless seems quite clear to me that it had a right to select Connecticut, the scene of its principal operations, as the proper place to institute these proceedings, and I am not convinced that the appointment of receivers in equity changed the principal place of business, or that it lost such identification because its assets were converted into cash."

The case cited has been approved by the Circuit Court of Appeals, Ninth Circuit, Petition of Shortridge et al., 20 F.(2d) 638, 639. See, also, Struthers Furnace v. Grant (C. C. A.) 30 F.(2d) 576, holding that the corporation retains its corporate powers except as limited by the court.

Appellants rely largely upon the language of the Supreme Court in United States v. Frederick W. Whitridge, etc., 231 U. S. 144, 34 S. Ct. 24, 58 L. Ed. 159. There the court held that a receiver in equity operating a railroad was not subject to the tax placed upon corporations for the transaction of corporate business; that the receivers acted as officers of the court and not of the corporations, but wholly without corporate power. We believe the reasoning of that court supports fully our conclusion here, in that the receiver does not become the corporation and does not act as a corporate officer. In other words, the corporation still retains its identity and all corporate powers not expressly enjoined by the court.

Appellants rely also upon In re Perry Aldrich Co. (D. C.) 165 F. 249, where the court held under the facts there existing that no principal place of business existed with-

in the district during the requisite period. But the court found as a fact there that the bankrupt had ceased to have any place of business in the state of Massachusetts for more than four months, not necessarily because of receivership, but because it had sold all of its stock of jewelry, given up its former place of business and had no other place, except one room occupied and used by another concern. If the facts in that case were sufficient to show a continuation of the corporate franchise and all' corporate powers except as eliminated by the court of equity and if that court deemed such to be a definite cessation of maintaining a place of business, then we are not in accord with the conclusion.

The cases of In re Plotke (C. C. A.) 104 F. 964; In re Garneau (C. C. A.) 127 F. 677; In re Marron Mfg. Co. (C. C. A.) 1. F.(2d) 903, disclose no announcement by this court in conflict with our present decision. The questions of residence, domicile and location of principal place of business are questions of fact, and in each of those cases the evidence was such as to result in the conclusion that the court was without jurisdiction. In one of them the bankrupt had physically removed his place of business entirely from the district. In another the bankrupt had attempted to defraud the court by claiming to be a resident of the district, whereas he was in fact a resident of another district. In another, the bankrupt's corporate authority to do business in Illinois had been revoked, and it had no authority to transact any business at any place.

Remembering that it is clear that the intent of the court in the equity proceedings was not to destroy the business of the corporation, that that court was powerless to destroy or dissolve the corporation, that that court attempted in no way to interfere with the corporate identity or its powers or franchises except in the specific manner provided in' the decree, that all such corporate powers not enjoined remained in the corporation and that there is shown no change of locality for the transaction of such reserved corporate powers, however great or however little they may have been, it follows that the District Court was justified in refusing to find that the principal place of business was not within the district during the greater part of the requisite statutory period.

The interlocutory and final orders appealed from are affirmed, at the costs of appellants.